648 A.2d 304

STONE AND EDWARDS INSURANCE AGENCY,
INC., Emerson D. Lightner and Gary W.
Lightner, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF IN-
SURANCE, Cynthia M. Maleski, Acting Insurance Commis-
sioner, Thomas S. Buzby, Deputy Insurance Commissioner,
Laura C. Plumley, Presiding Officer, and Steven J. Harman,
Division of Agents and Brokers, Appellees.

Supreme Court of Pennsylvania.

Submitted July 8, 1994.

Decided Sept. 30, 1994.

278

James W. Evans, Jayson R. Wolfgang, Harrisburg, for Stone and Edwards Ins. Agency, Inc., Emerson D. Lightner and Gary W. Lightner.

Gregory E. Dunlap, Amy L. Putnam, Harrisburg, Scott M. Schwartz, Hershey, Heidi Hamman Shakley, Camp Hill, for Dept. of Insurance, Cynthia M. Maleski, Acting Ins. Com'r, Thomas S. Buzby, Deputy Ins. Com'r, Laura C. Plumley, Presiding Officer.

Gregory E. Dunlap, Amy L. Putnam, Harrisburg, Scott M. Schwartz, Hershey, for Com. of Pennsylvania, Dept. of Ins., Cynthia M. Maleski, Acting Ins. Com'r, Thomas S. Buzby, Deputy Ins. Com'r., Laura C. Plumley, Presiding Officer and Steven J. Harman, Chief, Div. of Agents and Brokers.

Before NIX, C.J., and FLAHERTY, ZAPPALA,
PAPADAKOS, CAPPY, CASTILLE and MONTMEURO, JJ.

*OPINION OF THE COURT*

CAPPY, Justice.

The questions before this Court are: (1) whether the Commonwealth Court erred in determining that certain provisions of the Unfair Insurance Practices Act[1] ("UIPA") are not unconstitutional because they vest the Pennsylvania Insurance Commissioner with prosecutorial and adjudicative authority regarding allegations of insurance law violations against Appellants, and (2) whether the Commonwealth Court erred in determining that the Pennsylvania Insurance Department did not unlawfully hold or deny "new" license applications by Appellants pending the outcome of an investigation of serious insurance law violations. We affirm the thorough and well-reasoned opinion of the learned Commonwealth Court.

Appellants, Emerson Lightner and Gary Lightner are licensed agents affiliated with Appellant Stone and Edwards Insurance Agency, Inc. ("Stone and Edwards"). This matter began with allegations of serious insurance law violations by Appellants, which triggered an investigation by the Deputy Insurance Commissioner for Consumer Services, Enforcement and Program Services ("Deputy Insurance Commissioner–Enforcement") acting through the Department's Bureau of Enforcement. While the investigation of Appellants was pending, two insurance companies, Aetna Life Insurance & Annuity Company ("Aetna") and Colony Life Insurance Company ("Colony"), submitted applications to the Pennsylvania Insurance Department ("Department") requesting that licenses be issued to Appellant, Emerson Lightner. The Department placed these license applications on hold pending the outcome of the existing investigation. The investigation resulted in the issuance of an Order to Show Cause by the Deputy Insurance Commissioner–Enforcement. Based upon the commencement of this "enforcement action" against Appellants, and the nature thereof, Lightner was considered

1. Act of July 22, 1974, P.L. 589, No. 205, as amended, 40 P.S.
§§ 1171.1 et seq.

unworthy for additional licenses and the applications of Aetna and Colony were denied by the Chief of the Division of Agents and Brokers in the Department's Bureau of Licensing and Financial Analysis.

The Department also placed "holds" on any new license applications by Gary and Emerson Lightner and Stone & Edwards pending the outcome of the enforcement proceeding. Emerson Lightner appealed the denial of the license applications submitted by Aetna and Colony to the Insurance Commissioner, who appointed a hearing officer to conduct an evidentiary hearing. This "license appeal" was consolidated for hearing with the "enforcement action" due to the similarity of issues in the two proceedings. However, before such a hearing could be held, Appellants commenced two actions, in the nature of petitions for review, before the Commonwealth Court pursuant to its original jurisdiction. Together, these actions sought declaratory and injunctive relief, including a mandamus to have the Department issue essentially any "new" licenses sought by Appellants without regard to whether the existing charges of insurance law violations rendered Appellants unworthy for further licenses.

Upon initial review by the Commonwealth Court, Judge Friedman, granted preliminary injunctive relief in favor of Appellants, and temporarily enjoined the two consolidated matters pending before the Department. Judge Friedman then ordered the two actions consolidated for the filing of dispositive motions for summary judgment, since the parties agreed that the matter turned strictly on questions of law. The cross-motions for summary judgment were considered by the Commonwealth Court *en banc.*

On January 3, 1994, the Commonwealth Court essentially granted the motion for summary judgment filed by the Department. Appellants' claims for declaratory and injunctive relief, as well as their claims that any licenses should be granted to Appellants were dismissed. However, the Department was directed to render an initial decision, one way or another, within twenty days with regard to a license applica-

tion that had been "held" despite completion of the investigation into worthiness. Appellants then appealed to this Court as of right, by virtue of it having been commenced pursuant to the original jurisdiction of the Commonwealth Court.[2]

Before us, Appellants essentially argue that in connection with their alleged insurance law violations there exists an unconstitutional commingling of the prosecutorial and adjudicative functions within the Pennsylvania Insurance Department. However, this claim is not premised upon the actual investigatory and adjudicatory procedures currently employed within the Department. Rather, it relies solely upon the "potential" for commingling of these functions within the Department, because the Insurance Commissioner possesses ultimate authority as to both functions by virtue of the UIPA and relevant regulations.[3] In support of this claim, Appellants essentially rely upon the decision of this Court in *Lyness v. State Board of Medical Examiners,* 529 Pa. 535, 605 A.2d 1204 (1992).[4] Appellants interpret *Lyness* to stand for the proposition that the "potential" for impermissible commingling, based upon the statutory authority of the Insurance Commissioner to conduct both functions, results in an unconstitutional deprivation of due process. This is an incorrect interpretation of *Lyness.*

Unquestionably, the "mere possibility of bias under Pennsylvania law is sufficient to raise the red flag of protection offered by the procedural guaranty of due process." *Id.* at 544, 605 A.2d at 1208. However, the form of impermissible "appearance" of bias and partiality proscribed in *Lyness* must

2. See 42 Pa.C.S. § 723, and Pa.R.A.P. 1101(a). As this matter involves only questions of law, our standard of review is more limited than that typically associated with entry of summary judgment. See generally *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). In essence, we are limited to a determination of whether the Commonwealth Court committed an error of law.

3. See 40 P.S. §§ 1171.7—1171.11, 1171.13; 31 Pa.Code § 56.2.

4. Appellants also rely upon *Dussia v. Barger,* 466 Pa. 152, 351 A.2d 667 (1975), which provided strong authority for our decision in *Lyness.* However, for all practical intents and purposes the principles of *Dussia* relied upon by Appellants are embodied in our decision in *Lyness.*

clearly be one that arises from an *actual* environment of commingled functions. Given the nature and constraints of our various governmental bodies, the question of due process reasonably involves an inquiry into the nature of the process *actually* provided. It does not require, as maintained by Appellants, solely an inquiry into the comprehensive administrative authority granted to a single individual such as the Insurance Commissioner, without regard to whether the nature of the process actually utilized by that individual in administering that authority sufficiently isolates relevant functions to preclude the appearance of bias, partiality or prejudice.

In *Lyness,* we stated:

What our Constitution requires, however, is that if more than one function is reposed in a single administrative entity, walls of division be constructed which eliminate the threat or appearance of bias. As then-Justice Nix stated so percipiently in concurrence in *American Bankers,* a "mere tangential involvement" of an adjudicator in the decision to initiate proceeding is not enough to raise the red flag of procedural process. [*Com. Dept. of Ins. v.*] *American Bankers* [*Ins. Co. of Fla.*], 478 Pa. [532] at 545, 387 A.2d [449] at 456 [ (1978) ]. Our constitutional notion of due process does not require a *tabula rasa.* [citation omitted]. However, where the very entity or individuals involved in the decision to prosecute are "significantly involved" in the adjudicatory phase of the proceedings, a violation of due process occurs. *American Bankers,* 478 Pa. at 546, 387 A.2d at 456. (Nix, J. concurring)....

*Lyness,* 529 Pa. at 546, 605 A.2d at 1209. This principle was correctly applied in this matter by the Commonwealth Court, wherein it stated:

Notwithstanding that UIPA may be implemented in a manner that would allow commingling to occur, that alone does not constitute a violation of an applicant's right to due process. To determine whether there has been a violation of a person's right to due process, what is examined is not

the process that is purportedly authorized, but instead, it is the process that the person is actually going to receive.

161 Pa.Commw. 177, 188–189, 636 A.2d 293, 299 (1994).

■ Since our decision in *Lyness*, the administrative agencies of this Commonwealth have undertaken efforts to establish the requisite "walls of division" necessary to ensure that their administrative procedures comport with due process. Based upon the evidence of record, it is clear that the Pennsylvania Insurance Department has erected sufficient "walls of division" with regard to the investigation, prosecution and adjudication of alleged insurance law violations. The Insurance Commissioner has retained the role of adjudicator, and delegated the investigative and prosecutorial functions to the Deputy Insurance Commissioner–Enforcement. The Insurance Commissioner does undoubtedly continue to possess ultimate authority pursuant to UIPA to investigate and prosecute insurance law violations. However, as a practical matter, the manner of delegation of these functions has sufficiently isolated the Insurance Commissioner from the investigatory and prosecutorial function, and the Deputy Insurance Commissioner–Enforcement from the function of adjudication.

■ Appellants have advanced no claim of actual commingling of functions in the manner in which the Department conducts its investigations, prosecutions and adjudications of insurance law violations. In the absence of any actual commingling, which would give rise to an appearance of bias, partiality or prejudice, Appellants' due process guarantees are being adequately protected. Accordingly, we conclude that Appellants' unsubstantiated claim of commingling, and facial challenge to the UIPA, is meritless.

Appellants' additional claim of error arises in connection with the manner in which the Pennsylvania Department of Insurance has sought to control "new" license applications by Appellants pending the outcome of an investigation, and formal charges of, serious insurance law violations. Appellants advance four interrelated contentions of error in this regard.

■   Appellants first claim that they were entitled to notice and a hearing prior to the denial of the license applications filed by Aetna and Colony, and thus, they are entitled to have the licenses issued.  We disagree.  The initial denial of licenses complained of by Appellants is simply the result of a staff function performed by the Pennsylvania Insurance Department, Bureau of Licensing and Financial Analysis, Division of Agents and Brokers.  Appellants may appeal from this initial decision to the Insurance Commissioner, who as adjudicator, will conduct a formal hearing on the applicant's worthiness. As Appellants will receive a hearing prior to final determination on these license applications, and there exists no authority for a hearing in connection with the initial review by the Bureau of Agents and Brokers, this claim is meritless.

■   Appellants next argue that the Department has a non-discretionary duty to issue all licenses requested, without regard to Appellants "worthiness," because Appellants already possess licenses evidencing their worthiness.  In essence, Appellants' claim is that they should be deemed worthy of new licenses until proven otherwise, irrespective of the existence of allegations of serious insurance law violations.  This position is simply not supported by the relevant statutory provision governing the issuance of licenses, which provided that the Insurance Commissioner may issue licenses "when ... satisfied that the applicant is worthy of license."  40 P.S. § 233(a) (repealed 1992).[5]  Furthermore, a contrary conclusion, that the Insurance Commissioner possesses no discretion to make an independent evaluation of worthiness in light of the charges against Appellants, would raise serious public policy concerns. This claim is meritless.

5.  We note that it is Appellants who contend that former Section 233(a) gives rise to a non-discretionary duty to issue all licenses requested. This prior license scheme, in effect at the time Appellants commenced the matter herein, required licensees to obtain a license for each individual company.  In 1992 the Legislature created a new licensing scheme, which requires licensees to obtain licenses for each class or line of insurance sought.  However, the transition between these two schemes has not yet been achieved.  In any event, only the former scheme is applicable to Appellants' claims in this matter.

Appellants next assert that they possess a constitutionally protected property interest in any "new" insurance licenses for which they may have applied, thus warranting notice and a hearing before any initial denial by the Department. Appellants reason that their livelihood as insurance agents and brokers is a protected property interest, which also encompasses any "new" licenses because those licenses are allegedly crucial to the continued pursuit of their livelihood. This argument is at most fallacious.

As discussed above, Appellants have no absolute right to the issuance of any "new" licenses absent a finding by the department that they are worthy to possess the additional license. Furthermore, it is not the absence of "new" licenses that is directly impinging upon Appellants' ability to further diversify. Rather, it is their allegedly unlawful insurance practices in the past that have steered them into the wind, and caused the Division of Agents and Brokers to initially deem them unworthy to represent an even greater diversity of insurance products to the public pending the outcome of the existing charges or formal hearing as to worthiness by the Insurance Commissioner.

In order to avoid obvious unfairness, the Commonwealth Court has correctly determined that the Department has an absolute duty to issue an initial license application decision, one way or another, once the initial investigation into worthiness by the Division of Agents and Brokers is completed. This will prevent any wrongful delay of Appellants' ability to appeal to the Insurance Commissioner for a formal hearing concerning their worthiness to possess any additional licenses. However, until such a determination is rendered by the Insurance Commissioner, Appellants clearly possess no property interest in licenses that have yet to be issued, which would entitle them to immediate issuance thereof or hearing beyond that which is presently provided. Accordingly, this claim is meritless.[6]

6. Appellants' final claim is that they are entitled to a hearing prior to any decision to hold a "new" license application pending an investiga-

The Opinion and Order of the Commonwealth Court is affirmed. This matter is remanded to the Pennsylvania Insurance Department for further proceedings not inconsistent with this opinion.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J. See No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

tion into worthiness, because the decision to "hold" constitutes an adjudication pursuant to the Administrative Agency Law. 2 Pa.C.S. §§ 101 and 504. Quite obviously, a decision to "hold" an insurance application pending worthiness review is not a final adjudication pursuant to the Administrative Agency Law.