**BOROUGH OF MARCUS HOOK, Petitioner,**

v.

**PENNSYLVANIA MUNICIPAL RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1998.

Decided Nov. 16, 1998.

---

Joseph C. Rudolph, Philadelphia, for petitioner.

Lenann T. Engler, Harrisburg, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and RODGERS, Senior Judge.

LEADBETTER, Judge.

■ The Borough of Marcus Hook (Borough) petitions for review of the order of the Pennsylvania Municipal Retirement Board (Board) denying disability benefits to Borough Officer David G. Closs. At issue is the interpretation of the disability provision in the 1984 contract (Contract) between the Borough and the Pennsylvania Municipal Retirement System (PMRS). However, the question which the parties seek to litigate is not necessary to the disposition of this appeal, because it relates to hypothetical facts different from those presented by this case. Accordingly, because this appeal seeks an impermissible advisory opinion, the petition for review is dismissed.

Officer Closs and the Borough filed an application for disability benefits in November of 1996. Closs had become unable to continue work as a Borough police officer because he suffered from angina that could not be medically or surgically relieved. PMRS denied the application for benefits. PMRS based its denial on the recommendation of the agency's medical examiner. Closs requested an administrative hearing. The Board permitted the Borough to intervene and a hearing before a Hearing Examiner followed. The Hearing Examiner concluded that under the Contract, Closs would be entitled to benefits only upon proof of either a service-connected disability that precluded continued police work or a nonservice-connected disability that precluded all gainful employment. Closs had proven he suffered from a nonservice-connected disability but had not established that he was prevented thereby from all gainful employment. Accordingly, the Hearing Examiner denied benefits.

PMRS filed exceptions to the Hearing Examiner's opinion. PMRS did not contest the denial of benefits but asserted that the decision to deny benefits should have been premised on a different interpretation of the Contract. Neither Closs nor the Borough filed exceptions. The Borough responded to the exceptions filed by PMRS and in its response requested "that the Board accept the Recommendation of the Hearing Examiner in its entirety and dismiss the Exceptions taken by PMRS." R.R. at 362a. Following its review of the Hearing Examiner's decision, the Board also denied benefits but did so on the interpretation of the Contract that had been propounded by PMRS. The Board construed the Contract to require proof of disability from all gainful employment regardless of whether claimant suffered from service-connected or nonservice-connected disability. Following the Board's decision, the Borough filed the instant petition for review. The Borough argues that the Board erred in interpreting the Contract provision concerning service-connected disability. The Borough does not, however, contest the finding that Closs's disability is nonservice-connected, nor the *result* reached by the Board (as distinguished from the Board's *reasoning*).

■ It is well established that a judicial determination that is unnecessary to decide an actual dispute constitutes an advisory opinion and has no legal effect. *Okkerse v. Howe*, 521 Pa. 509, 520, 556 A.2d 827, 833 (1989). In general, the courts of this Commonwealth may not exercise jurisdiction to decide issues that do not determine the resolution of an actual case or controversy. *See In re Condemnation by Commw. Dep't of Transp.*, 100 Pa.Cmwlth. 546, 515 A.2d 102, 106 (Pa.Cmwlth.1986); *Sedat, Inc. v. Fisher*, 420 Pa.Super. 469, 617 A.2d 1, 4 (Pa.Super.1992). To avoid dismissal, an actual case or controversy must usually exist at every stage of the judicial process. *Erie Ins. Exch. v. Claypoole*, 449 Pa.Super. 142, 673 A.2d

348, 353 (Pa.Super.1996). The Borough's petition to this court and the response thereto by PMRS does not present an actual controversy for our review.[1]

On appeal, the Borough asserts a contractual interpretation different from that reached (and here supported) by the Board. However, in light of the uncontested factual findings, under either reading of the Contract, Officer Closs fails to qualify for disability benefits. The parties seek only an advisory interpretation of the Contract. Accordingly, the petition for review is dismissed as non-justiciable.

### ORDER

AND NOW, this 16th day of November, 1998, the Borough of Marcus Hook's petition for review of the order of the Pennsylvania Municipal Retirement Board is hereby dismissed.

---

1. Our conclusion is reinforced by the observation that PMRS filed exceptions to the decision of the Hearing Examiner denying benefits, a decision from which it was not aggrieved. Neither the Borough nor Officer Closs filed exceptions and Officer Closs, the only person aggrieved by the denial of benefits, never sought review of the Hearing Examiner's decision.