Thomas HIBBARD, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 2002.

Decided Jan. 7, 2003.

Thomas J. Hibbard, petitioner, pro se.

Tara L. Patterson, Harrisburg, for respondent.

Before COLINS, President Judge, and SMITH–RIBNER, J., and COHN, J.

OPINION BY Judge COHN.

In this case we are asked, *inter alia,* whether it is error to apply an amendment to the Judicial Code which would require an inmate sentenced for a sexually-related offense, before the effective date of the amendment, to participate in a sex offender treatment program as a condition of parole.

■ Thomas Hibbard (Petitioner), a state prison inmate, filed a petition for a writ of mandamus on his own behalf, which we treat as a petition for review filed in this Court's original jurisdiction. He claims that the Pennsylvania Board of Probation and Parole (Board) retroactively applied Section 9718.1 of the Judicial Code,[1] colloquially known as the sex offender provision, to him when it denied him parole in August of 2000 and, thereby, violated the constitutional proscription against *ex post facto* laws. In pertinent part, subsection (b) of Section 9718.1 provides that a person incarcerated at a state correctional institute for enumerated sexual offenses with child victims must participate in a sex offender treatment program before becoming eligible for parole.[2] Before us for disposition is the Board's preliminary objection in the nature of a demurrer.[3]

The pleadings reveal that Petitioner was sentenced in 1992 to 8 to 20 years for 2 counts of involuntary deviate sexual inter-

---

1. 42 Pa.C.S. § 9718.1. Section 3 of the Act of December 20, 2000 (Act 2000–98) amended Chapter 97 of Title 42, known as the Sentencing Code, by adding Section 9718.1. The Section became effective immediately.

2. The provision at issue pertinently provides:
   ELIGIBILITY FOR PAROLE.
   . . .
   (1) The offender shall not be eligible for parole unless the offender has:
      (i) served the minimum term of imprisonment;
      (ii) participated in the program under subsection (a) [pertaining to sex offender therapy]; and
      (iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators.

3. A demurrer may only be sustained when, on the face of the complaint, the law will not permit recovery. *Stone & Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992), *affirmed,* 538 Pa. 276, 648 A.2d 304 (1994). All well-pled allegations must be accepted as true. *Id.* Mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.*

course.[4] When the Board denied parole in August 2000, it listed several recommended actions, including participation in a prescriptive program plan developed by the Department of Corrections (DOC), involving a sex offender treatment program.

On December 20, 2000, the General Assembly passed the amendment in question, effective immediately. Section 3 of Act 2000–98 provides:

> This act shall apply as follows:
>
> (1) The amendment of 18 Pa.C.S. §§ 2902, 2903 and 5903(h)(2) and *the addition of 42 Pa.C.S. § 9718.1 shall apply to offenses committed on or after the effective date of this act.*
>
> (2) *The addition of 42 Pa.C.S. § 9718.1 shall not· preclude consideration of the factors* set forth in that section *in granting or denying parole for offenses committed before the effective date of this act,* except to the extent that consideration of such factors is precluded by the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania.

(Emphasis added.)

After Petitioner received the parole denial letter, he filed this petition asserting that the Board used Act 2000–98 to reach its decision to deny him parole and, by doing so, it "took the same information available to the Sentencing Court in deciding its sentence and used it to deny parole." (Petition for Writ of Mandamus, p. 5). He, thus, asserts that the Board changed a legally imposed sentence into an illegal one by, in effect, extending his minimum. Next, he asserts that the recommendation of the Board that he obtain a parole recommendation from DOC violates

due process because there is no standard imposed upon DOC in making its recommendation. Finally, Petitioner asserts that applying Section 9718.1 to him, and requiring him to participate in sex offender treatment if he wishes to be paroled, constitutes an *ex post facto* application of the law.[5] We will deal with these issues seriatim.

I.

■ We have previously considered another Board case involving an *ex post facto* challenge. In *Stewart v. Pennsylvania Board of Probation and Parole,* 714 A.2d 502, 507 (Pa.Cmwlth.1998), after the murder of a New Jersey police officer by a Pennsylvania parolee and the resultant public outcry regarding the paroling of violent offenders, Stewart filed a lawsuit in this Court's original jurisdiction alleging that the Board had adopted a "policy" of not paroling violent offenders until they had served nearly their entire sentences. He asserted that this "policy" allowed the Board to enhance a sentencing court's order. We stated:

> There is no question that the nature of the offense is a factor that the Parole Board may take into account when reviewing a parole request. Section 19 of the Parole Act, *61 P.S. § 331.19,* requires the Board in granting paroles to consider, *inter alia,* "the nature and character of the offense committed." The precise question is whether that factor **alone** can be used to deny parole **as a matter of general policy** despite other factors that the Parole Board is directed to take into account including, *inter alia,* a parole applicant's conduct

---

**4.** The pleadings do not indicate whether Petitioner's victims were minors under the age of 18, as contemplated by Act 2000–98.

**5.** We note that when Petitioner was sentenced, counseling and therapeutic programs were voluntary. *See* U.S. Const. art. I, § 10; Pa. Const. art. 1, § 17.

while in prison. *See id.* In order to consider this argument, we must go behind the reasons stated for the parole refusal. This we are precluded from doing under *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa.Cmwlth.1997). We said there that as long as the factors cited by the Parole Board for its parole denial are facially relevant, and here they clearly are, we will not inquire further into the matter. Additionally, because the policy is grounded upon a valid statutorily-based reason for parole denial, we cannot conclude that it is unconstitutional on its face on a theory of denial of due process, as Petitioner asserts. In essence, the Parole Board has chosen to give great weight to one statutorily enumerated factor, and we believe that it has the discretion to give one factor great weight or even the entire weight. Moreover, parole reviews continue to be conducted and clearly the Parole Board retains the discretion to vary from the policy. Thus, we do not believe that the policy impermissibly acts to extend minimum sentences.

*Stewart*, 714 A.2d at 507 (emphasis in original). That logic is equally applicable here and, thus, no impermissible extension of Petitioner's sentence has occurred.

## II

■ Regarding the alleged lack of a standard provided to DOC for identifying conduct in prison, we note first that Petitioner does not allege that any conduct of his own was misunderstood or misinterpreted by the Board. Further, Section 19 of what is colloquially known as the Parole Act,[6] 61 P.S. § 331.19, directs the Board to

consider, *inter alia,* prison conduct when reviewing a parole application and this Court is hard pressed to think of many factors that could be more relevant to assessing the likelihood of success on parole than one's behavior and attitude while in prison. We believe that the word "conduct" is sufficiently specific so as to define what is relevant without unduly restricting the hands of either DOC in assessing the matter in the first instance or the Board in reviewing DOC's assessments to make its own independent evaluation of the matter.[7]

## III

■ Finally, regarding the *ex post facto* issue, it has not escaped our notice that the Board denied parole in *August* 2000 and the amendment at issue here was not even passed until *December* 2000. Thus, this issue presents no live controversy and, were we to reach the merits, we would merely be offering an advisory opinion. It is well established that a judicial determination that is unnecessary to decide an actual dispute constitutes an advisory opinion and has no legal effect. *Borough of Marcus Hook v. Pennsylvania Municipal Retirement Board,* 720 A.2d 803 (Pa.Cmwlth.1998). Therefore, as a general rule, we may not exercise jurisdiction to decide issues that do not determine the resolution of an actual case or controversy. *Id.*

Accordingly, the preliminary objections are sustained in part and the *ex post facto* count in the petition for review is dismissed for failure to present a justiciable controversy.

Judge SMITH–RIBNER concurs in the result only.

---

6. Act of August 6, 1941, P.L. 861, *as amended.*

7. Conduct is generally understood to mean, "a mode or standard of personal behavior

. . ." *Merriam–Webster's Collegiate Dictionary,* 240 (10th ed.2001).

## ORDER

**NOW,** January 7, 2003, Respondent's preliminary objections are sustained in part and Petitioner's *ex post facto* count in the petition for review is dismissed for failure to present a justiciable controversy. The Petition for Review is dismissed.