

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2009

# Pleaze v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pleaze v. Klem" (2009). *2009 Decisions*. Paper 1090.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1090

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4652
_____

DARREN PLEAZE,
                              Appellant

v.

SUPERINTENDENT EDWARD KLEM;
PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 07-cv-00830)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2009

Before:  FISHER and CHAGARES, *Circuit Judges*, and DIAMOND,* *District Judge*.

(Filed: July 1, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

_____

*Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

Darren Pleaze appeals the order of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the District Court erred in rejecting his claim that the Pennsylvania Board of Probation and Parole (the "Parole Board") violated the Ex Post Facto Clause of the U.S. Constitution by subjecting him to the requirements of a statute passed more than a year after his conviction. We disagree and will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Pleaze was convicted of robbery in the Court of Common Pleas of Allegheny County on March 29, 1999. He is currently serving a five-and-a-half to eleven year sentence in the state prison system, with his maximum term expiring on March 29, 2010. On April 25, 2001, the Pennsylvania Department of Corrections ("DOC") issued a "Prescriptive Program Plan" for Pleaze, recommending that he participate in various institutional programs, including employment training, vocational education, drug and alcohol education, anger management, and a sexual offender orientation. Pleaze subsequently completed the recommended programs, including the sexual offender orientation.

Pleaze became eligible for parole on September 29, 2004. Since then, the Parole Board has denied him parole on at least four occasions. It based the denials on, inter alia, Pleaze's negative parole hearing interviews and his failure to complete additional institutional programs (including, in particular, additional sexual offender programs).[1]

After his third denial of parole in September 2005, Pleaze filed a petition for a writ of mandamus in the Pennsylvania Court of Common Pleas, alleging that the Parole Board retroactively applied changes in criteria to deny him parole and thereby violated the Ex Post Facto Clause. Specifically, he argued that the Parole Board applied to him 42 Pa. Cons. Stat. § 9718.1, which requires prisoners convicted of the offenses listed therein, each of which is a sexual offense relating to a minor, to participate in a DOC "program of counseling or therapy designed for incarcerated sex offenders" to be eligible for parole. The Court of Common Pleas treated Pleaze's filing as a petition for review and dismissed it. While Pleaze's subsequent allocatur petition to the Supreme Court of Pennsylvania was pending, the Parole Board denied Pleaze parole for the fourth time, and the Supreme Court then dismissed his petition.

Pleaze filed the present habeas petition in the District Court, arguing that the Parole Board erred in applying § 9718.1 to him during his parole hearings in two ways: first, because the statute was passed on December 20, 2000, more than a year after his

---

[1]For reasons unclear from the record, Pleaze never completed these other sexual offender programs.

conviction, it was improperly applied retroactively; and, second, Pleaze was convicted of robbery, which is not one of the enumerated offenses in the statute. The District Court held that the Parole Board did not apply the statute retroactively to Pleaze, the Board's procedures did not increase his term of punishment, and Pleaze's failure to complete the additional sexual offender programs was not the sole reason for his denial of parole. Pleaze filed this timely appeal. We granted Pleaze's petition for a certificate of appealability as to whether the District Court erred in rejecting his ex post facto claim.

## II.

The District Court had subject matter jurisdiction over Pleaze's habeas petition pursuant to 28 U.S.C. § 2254. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Because the District Court denied Pleaze's habeas petition without conducting an evidentiary hearing, we exercise plenary review. *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 287 n.3 (3d Cir. 2005); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 & n.5 (3d Cir. 1991).

## III.

The Ex Post Facto Clause states that "[n]o state shall . . . pass any . . . ex post facto law," U.S. Const. art. I, § 10, cl. 1, which has been defined to include any "change [that] alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995). In order to maintain a claim for habeas relief as a result of an ex post facto violation, Pleaze must

4

establish two factors, namely that "there was a change in the law or policy which has been given retrospective effect" and that he "was disadvantaged by the change." *Richardson*, 423 F.3d at 287-88; *see also Weaver v. Graham*, 450 U.S. 24, 29 (1981); *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 383-84 (3d Cir. 2003). Pleaze contends that the Parole Board improperly denied him parole in violation of the Ex Post Facto Clause because it applied § 9718.1 to him, resulting in an actual risk of an increase in his sentence, and that the District Court therefore erred in denying his habeas petition because he met both factors under *Richardson*. We find these arguments inapposite because the Parole Board did not apply § 9718.1 in denying Pleaze parole, and therefore he cannot meet either prong.

## A.

Pleaze argues he has met the first requirement, that "there was a change in the law or policy which has been given retrospective effect," because, he contends, the Parole Board applied § 9718.1 to him, which was improper because the statute was enacted more than a year after his conviction and also because he was not serving a sentence for one of the enumerated offenses in the statute. The Commonwealth argues, in contrast, that mandatory participation in the sexual offender programs under § 9718.1 did not create a retroactive change in policy and that, regardless, the Parole Board never applied the statute's requirement to Pleaze. We agree with the Commonwealth.

5

First, the DOC had the ability to, and did, deny parole to some inmates who failed to undergo sexual offender treatment prior to the passage of § 9718.1. *See*, *e.g.*, *Hibbard v. Pa. Bd. of Prob. & Parole*, 816 A.2d 344, 346-47 (Pa. Commw. Ct. 2003) (rejecting the petitioner's arguments that the application of § 9718.1 requirements resulted in an ex post facto application of law based on the Parole Board denying the petitioner parole because he failed to participate in a sexual offender program). Further, the Parole Board has wide discretion to make decisions regarding parole based on a variety of factors. Although the Board cited Pleaze's failure to complete additional sexual offender programs as a factor in denying him parole (though it never referenced § 9718.1), Pleaze's successful completion of an advanced sexual offender program was one of many factors the Board could consider in evaluating his parole applications. *See Richardson*, 423 F.3d at 284 (stating that the Pennsylvania Parole Act allows the Board to consider, inter alia, "the prisoner's complete criminal record, conduct while in prison, 'physical, mental[,] and behavior condition and history,' the 'nature and circumstances of the offense committed,' and 'the general character and background of the prisoner'" (quoting 61 Pa. Cons. Stat. § 331.19)). Nothing indicates that the Board intended to retroactively apply the requirements of § 9718.1 to Pleaze or that it made its decision regarding his parole based on improper considerations. The Board never claimed that Pleaze was ineligible for parole by barring him from applying or refusing to consider his application, which is the remedy for failure to comply with § 9718.1.

Finally, Pleaze argues that the Parole Board erred in supposedly applying § 9718.1 to him because he was convicted of robbery, which is not one of the offenses included within the scope of the statute. The fact that the statute covers sexual offenses relating to minors, and not a robbery conviction, merely underscores our conclusion that the Parole Board did not retroactively apply the statute to him.

Thus, even absent § 9718.1, the Parole Board was free to reject Pleaze's application for parole due to his failure to complete a recommended program, and we disagree with Pleaze that the Parole Board applied the statute to him.

B.

Even were we to assume that the Parole Board did apply § 9718.1 to Pleaze, his argument still fails because he cannot meet the second factor under *Richardson*, requiring him to show that he "was disadvantaged by the change" in law. Pleaze carries "the ultimate burden of establishing that the measure of punishment itself has changed," *Morales*, 514 U.S. at 510 n.6, and he "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Garner v. Jones*, 529 U.S. 244, 255 (2000).

Pleaze argues that although the Parole Board did not explicitly cite § 9718.1, it clearly applied it in denying him parole, and that its retroactive application directly resulted in his increased punishment because "but for the statute . . . , he would not have been required to take a sex offender program." But "a 'speculative and attenuated

7

possibility of . . . increasing the measure of punishment' is not enough" of a showing to meet Pleaze's burden. *Richardson*, 423 F.3d at 288 (alteration in original) (quoting *Morales*, 514 U.S. at 509). For example, in *Mickens-Thomas*, we granted habeas relief to a prisoner who presented evidence indicating that he had a significant likelihood of parole under an old policy but was denied it under a new law, and that the Parole Board had paroled all other similarly situated inmates prior to the change in law. 321 F.3d at 387. However, unlike the prisoner in *Mickens-Thomas*, Pleaze has not demonstrated that but for § 9718.1 he would have been paroled, or that other similarly situated prisoners were paroled prior to the passage of the statute. *See also Richardson*, 423 F.3d at 291-94.

IV.

For the foregoing reasons, we will affirm the District Court's order denying Pleaze's petition for a writ of habeas corpus.