IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| TitleMax of Delaware, Inc., TitleMax of Ohio, Inc., TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., TitleMax Funding, Inc., TMX Finance LLC, TMX Finance Corporate Services, Inc., CCFI Companies, LLC, and all Successors or Predecessors in Interest, Affiliates, Subsidiaries, or Parent Companies, However Named, | : **CASES CONSOLIDATED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Petitioners | :<br>: |
| v. | : No. 635 C.D. 2025<br>: No. 811 C.D. 2025 |
| Department of Banking and Securities, | : Argued: February 4, 2026<br>: |
| Respondent | : |

BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  April 21, 2026


TitleMax of Delaware, Inc., TitleMax of Ohio, Inc., TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., TitleMax Funding, Inc., TMX Finance LLC, TMX Finance Corporate Services, Inc., CCFI Companies, LLC (collectively, TitleMax or Petitioners), petition for review from two determinations

of the Banking and Securities Commission (Commission), denying TitleMax's motions to dismiss proceedings before the Department of Banking and Securities (Department) based on a lack of jurisdiction.

TitleMax operates or has operated in several states through companies that are or were licensed to provide or facilitate consumer loans secured by a borrower's automobile. TitleMax disburses the loan proceeds to borrowers, and the borrowers grant TitleMax a security interest in their motor vehicles. In the underlying administrative proceeding, the Department sought to regulate TitleMax's consumer lending activity under the Consumer Discount Company Act, Act of April 8, 1937, P.L. 262, *as amended*, 7 P.S. §§6201-6219 (CDCA), and the Loan Interest and Protection Law, Act of January 30, 1974, P.L. 13, *as amended*, 41 P.S. §§101-605 (LIPL).

In June of 2024, the Department's Compliance Office filed an Order to Show Cause (OSC), seeking to impose $52.7 million in civil penalties against TitleMax, plus restitution. The OSC alleges that TitleMax (i) entered into 5,270 consumer loan agreements with Pennsylvania residents; (ii) took a security interest in the borrowers' motor vehicles; (iii) recorded the liens with the Pennsylvania Department of Transportation (DOT); and (iv) repossessed vehicles in Pennsylvania after Pennsylvania-resident borrowers defaulted.

TitleMax claims that it does not do business in Pennsylvania, and, thus, the Department does not have jurisdiction to conduct its investigation. In August of 2024, upon learning of the filing of the OSC, TitleMax filed six federal civil rights actions under 42 U.S.C. §1983 against Department Secretary Wendy S. Spicher, challenging the Department's ability to control business activity, including origination of loans, occurring exclusively outside of the Commonwealth of

2

Pennsylvania, even where such loans were made or facilitated to Pennsylvania consumers. Each of the suits asked a federal court to enjoin the Secretary and her agents from continuing to seek to regulate TitleMax and from continuing the OSC proceeding.[1]

TitleMax requested that the hearing examiner stay the OSC proceeding to allow time for the federal courts to adjudicate their claims. The hearing examiner initially denied the request. TitleMax requested reconsideration and the hearing examiner then granted the stay. The Department appealed to the Commission. The Commission lifted the stay and directed TitleMax to file answers to the OSC. TitleMax filed a petition for review from the Commission's order with this Court and requested a stay pending appeal. *See TitleMax of Delaware, Inc. v. Department of Banking and Securities* (Pa. Cmwlth., No. 1697 C.D. 2024) (*TitleMax I*). This Court denied the application for stay pending appeal.[2]

The Department proceeded to file an application to dismiss, arguing that the Commission's order was not a final order because it did not put TitleMax out of court and did not end TitleMax's efforts to defend against the charges asserted in the OSC. The Department further argued that the Commission's order was not a collateral order under Pennsylvania Rule of Appellate Procedure 313, Pa.R.A.P. 313, because TitleMax's claims would not be irreparably lost if they were forced to

---

[1] It appears that TitleMax was unsuccessful in all the cases and that it appealed from those determinations. The Department advises that the dismissal orders were affirmed in two United States Courts of Appeals. Department's Supplemental Brief, 2/13/2026, at 6 n.4.

[2] The Court held that "being subjected to the Department's statutorily authorized investigative process does not result in irreparable harm, especially given that TitleMax has administrative remedies of which it has not availed itself, in addition to the remedy of appealing any adverse ruling of the Commission to this Court." *TitleMax I*, Memorandum and Order, January 30, 2025 (Wojcik, J.), slip op. at 8.

participate in the OSC proceedings. TitleMax responded, setting forth multiple reasons why the Commission's order was appealable pursuant to several rules of appellate procedure. Ultimately, the Court granted the application to dismiss. *TitleMax I*, Memorandum and Order, May 28, 2025 (McCullough, J.).

After its appeal to this Court was unsuccessful, TitleMax filed a motion to dismiss the OSC. In its motion, TitleMax argued that the Department was acting beyond its statutory authority and that it lacked personal jurisdiction because proper service had not been accomplished. The hearing examiner issued a "proposed adjudication" denying the motion to dismiss. TitleMax's Reproduced Record (R.R.) at 992a. The hearing officer proceeded to issue an order scheduling a prehearing conference and requiring the exchange of exhibits. It appears that TitleMax then emailed the hearing examiner to inquire whether she intended to refer or recertify the proposed adjudication to the Commission. The hearing examiner responded that she did not intend to do so.

TitleMax sought review of the proposed adjudication by filing a "motion to refer and/or certify respondents' motion to dismiss to the Banking Commission and to stay the prehearing conference and related deadlines" pursuant

4

to 1 Pa. Code §35.180(a)[3] and 1 Pa. Code §35.187(8).[4]  R.R. at 1041a.  The hearing examiner denied TitleMax's motion to refer and/or certify its motion to dismiss on March 18, 2025.  On March 28, 2025, TitleMax filed an "appeal to the Commission of proposed adjudication denying [TitleMax's] motion to dismiss, order denying [TitleMax's] request that the motion be certified to the Commission and order requiring pre-hearing conference to go forward."  Certified Record (C.R.) at No. 45.

---

[3] This Section of the Pennsylvania Code provides:

> (a) The presiding officer designated to preside at a hearing is authorized to rule upon any motion not formally acted upon by the agency head prior to the commencement of the hearing where immediate ruling is essential in order to proceed with the hearing, and upon any motion filed or made after the commencement of the hearing and prior to the submission of his proposed report in the proceedings, except that no motion made before or during a hearing, a ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as a part of his proposed report submitted after the conclusion of the hearing. A presiding officer may refer any motion to the agency head for ultimate determination. The agency head will rule upon all other motions and upon such motions as presiding officers may certify to the agency head for disposition.

1 Pa. Code §35.180(a).

[4] This Section of the Pennsylvania Code states:

> Presiding officers designated by the agency head to preside at hearing shall have the authority, within the powers and subject to the regulations of the agency as follows:
> . . . .
> (8) Within their discretion, or upon direction of the agency head, to certify any question to the agency head for consideration and disposition by the agency head.

1 Pa. Code §35.187(8).

5

TitleMax's appeal was deemed denied on April 28, 2025. *See* 1 Pa. Code §35.190(c). TitleMax filed a petition for review from the deemed denial that was docketed at No. 635 C.D. 2025. The Department filed a motion to dismiss the petition for review on June 10, 2025.

Meanwhile, the Commission considered TitleMax's appeal at its May 29, 2025 meeting. That same day, the Commission issued an order finding "that this matter is not properly before it pursuant to 1 Pa. Code §35.190[(a)[5]] and as such will take no action at this time." C.R. at No. 52. TitleMax filed an appeal from that order that was docketed at No. 811 C.D. 2025.[6]

### THE DEPARTMENT'S APPLICATION TO DISMISS[7]

Once again, the Department alleges that TitleMax's petition for review should be dismissed because (1) the order at issue is not a final order; (2) the order

---

[5] Section 35.190(a) provides:

> Rulings of presiding officers may not be appealed from during the course of hearings or conferences except in extraordinary circumstances where prompt decision by the agency head is necessary to prevent detriment to the public interest. In such instance the matter shall be referred forthwith by the presiding officer to the agency head for determination.

1 Pa. Code §35.190(a).

[6] By order dated July 18, 2025, the matters were consolidated and the Department's application to dismiss was listed for disposition with the merits.

[7] The question of the appealability of an order goes to the jurisdiction of the Court requested to entertain the question. *Fried v. Fried*, 501 A.2d 211, 212 (Pa. 1985) (citations omitted). "With regard to jurisdictional questions and other questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth ex rel. Kane v. Philip Morris, Inc.*, 128 A.3d 334, 340 n.5 (Pa. Cmwlth. 2015) (citations omitted).

6

at issue is not a collateral order under Pa. R.A.P. 313(b); (3) the order at issue is not an administrative remand appealable pursuant to Pa.R.A.P. 311(f); and (4) the order is not an appealable adjudication.

**Is the order at issue a final order?**

Citing the case of *H.R. v. Department of Public Welfare*, 676 A.2d 755, 758 (Pa. Cmwlth. 1996), the Department emphasizes that this Court's appellate jurisdiction is limited to final orders, i.e., orders that effectively put a litigant out of court. Here, the Department argues, the order at issue is not a final order because it neither puts TitleMax out of court nor ends TitleMax's efforts to defend against the charges asserted in the OSC. Per the Department, the order actually has the opposite effect in that it "resolves preliminary issues necessary for the commencement of a hearing" on the Department's claims against TitleMax. Department's Brief in Support of Application to Dismiss Petition for Review at 5 (quoting *H.R.*, 676 A.2d at 758).

TitleMax does not directly respond to this argument. Rather, it focuses on its assertion that the Department previously represented that it could pursue interlocutory review of the hearing officer's ruling on the motion to dismiss before any hearing on the merits and then appeal the Commission's decision to this Court. TitleMax asserts that the Department has now reversed its position by arguing that interlocutory review is unavailable. Relying on prior rulings in *TitleMax I*, TitleMax maintains that this Court has jurisdiction because the undersigned stated that TitleMax "may appeal to this Court from any adverse determination" on the motion to dismiss. TitleMax argues that the law of the case doctrine bars reconsideration of

that issue and that the ruling established its right to appeal at this stage of the proceedings.

TitleMax also argues that this Court has ancillary jurisdiction to enforce its prior orders. *See Capinski v. Upper Pottsgrove Township*, 164 A.3d 601, 609-610 (Pa. Cmwlth. 2017); *Pennsylvania Department of Aging v. Lindberg*, 469 A.2d 1012, 1017-19 (Pa. 1983) (discussing this Court's enforcement of "orders in matters it has already determined" are "ancillary" or "pendent" to actions in the Commonwealth Court's appellate jurisdiction). TitleMax argues that it followed the exact procedural steps the Court required, and the Department's current attempts to deny that this Court has jurisdiction contradicts its earlier position in the litigation. TitleMax believes that the Department's shifting positions and inconsistent application of the rules highlights why this Court should assert jurisdiction now.

At the outset, we note that TitleMax's reliance on prior rulings is misplaced. The statement that TitleMax "may appeal to this Court from any adverse determination" referred to the ordinary appellate process following a final decision, not to interlocutory review of a motion to dismiss. TitleMax's interpretation stretches the language of those rulings beyond their intended scope. Nothing in this Court's prior orders conferred a right to interlocutory appeal, and TitleMax's arguments take undue license with these statements.

Turning to the Department's argument, we agree that the underlying order is not final or appealable as of right. An order will be deemed "final" if it "(1) ends the litigation or disposes of the entire case; (2) effectively puts a litigant "out of court"; or (3) precludes a party from presenting the merits of his or her claim to the trial court." *Holmes v. Board of Zoning Appeals of the City of Scranton*, 568 A.2d 301, 302 n. 1 (Pa. Cmwlth. 1990). The Department's order satisfies none of

8

these criteria. It does not terminate the proceedings or foreclose TitleMax's ability to pursue its claims; rather, it merely allows the matter to proceed to the next stage. Accordingly, the order is interlocutory and not appealable as of right.

**Is the order at issue an appealable collateral order?**

Pennsylvania Rule of Appellate Procedure 313(a), Pa.R.A.P. 313(a), provides, in pertinent part, that "[a]n appeal may be taken as of right from a collateral order of a trial court[.]" Pennsylvania Rule of Appellate Procedure 313(b), Pa.R.A.P. 313(b), defines a collateral order as "an order separable from and collateral to the main cause of action, where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). For an interlocutory order to be deemed a collateral, appealable order, all three elements must be present. *Fried*, 501 A.2d at 241.[8] Our Supreme Court has explained:

> [T]he collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. *See Geniviva* [*v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999)]. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

*Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003).

Here, the Department contends that TitleMax fails to satisfy the second and third prongs of the collateral order doctrine. Regarding the second prong, the

---

[8] An interlocutory appeal may also be taken by permission pursuant to Section 702(b) of the Judicial Code, 42 Pa. C.S. §702(b). However, TitleMax failed to seek permission to appeal the instant order.

Department asserts that TitleMax cannot demonstrate that the issues involved in this appeal are important enough to warrant judicial review. The Department notes that in order to satisfy the second prong, "it is not sufficient that the issue be important to the particular parties. Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." Department's Brief in Support of Application to Dismiss Petition for Review at 7 (quoting *Geniviva*, 725 A.2d at 1214). In this case, the Department notes, the issues on appeal are whether the Department has personal jurisdiction over TitleMax and statutory authority or subject matter jurisdiction to regulate TitleMax. The Department maintains that neither issue warrants judicial review under the collateral order doctrine.

As for the collateral order doctrine's third prong, the Department argues that TitleMax's jurisdictional arguments will not be irreparably lost in the absence of judicial review. The Department emphasizes that this Court has held that an order sustaining subject matter jurisdiction is fully reviewable on appeal from a final judgment. *H.R.*, 676 A.2d at 759. Similarly, "an order denying a motion to dismiss for lack of personal jurisdiction is not an immediately appealable collateral order because the defendant's 'right not to be subject to a binding judgment may be effectively vindicated following final judgment[.]'" *Carteret Savings Bank, FA v. Shushan*, 919 F.2d 225, 230 (3d Cir. 1990) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 527 (1988)). There is nothing that would preclude TitleMax, on proper appeal to this Court following a final adjudication by the Commission, from arguing that the Department lacks jurisdiction over TitleMax.

TitleMax responds that "an issue is important if interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final

10

judgment rule." TitleMax Answer at 26 (quoting *Commonwealth ex. rel. Kane v. Phillip Morris, Inc.*, 128 A.3d 334, 344 (Pa. Cmwlth. 2015)). Citing, *inter alia*, our decision in *South Hills*, TitleMax asserts that this Court has "repeatedly" concluded that issues that implicate due process concerns and jurisdiction satisfy the second prong of the test. *Id.* "Thus, the second prong is met when the challenged decision 'raise[s] issue[s] of due process and jurisdiction.'" *Id.* (quoting *Bethke v. City of Philadelphia*, 282 A.3d 884, 889 (Pa. Cmwlth. 2022)). Here, TitleMax argues, the Commission's decision satisfies the second prong because it raises issues of due process and jurisdiction "which are of paramount importance." *Id.*

As to the third prong of the collateral order doctrine, TitleMax believes it is met based on our decision in *South Hills*. There, this Court held that the agency head's denial of a motion to dismiss based on lack of jurisdiction was a collateral order despite the fact that the agency conceded the private school could appeal the denial of its motion to dismiss after its substantive appeal proceeded through the agency. TitleMax writes:

> The [*South Hills* court] reasoned that if it were to determine that the agency head's order was not "immediately appealable, [the petitioner] would be required to proceed through the [agency's] appeal process, which would include an evidentiary hearing on the merits, and to cooperate with the Department's inspections pending [the Court's] ultimate review of the jurisdictional issue."

TitleMax Answer at 32-33 (quoting *South Hills*, 308 A.3d at 923). TitleMax argues that *South Hills* is persuasive because it similarly asserts that there is no personal jurisdiction over them and that "the Department lacks the statutory authority to regulate them." TitleMax Answer at 33. Like the private school in *South Hills*, it makes no difference that they could raise the jurisdiction issue after an evidentiary

11

hearing on the merits. At that juncture, any ruling in their favor would be meaningless because they will have spent substantial resources and their right to avoid the enhanced burden would be lost.

Based on our review of this action, the Rules of Appellate Procedure and pertinent case law, we cannot say that TitleMax has met either the second or third prong of the collateral order doctrine. First, TitleMax fails to show that the issues raised are sufficiently important to warrant immediate appellate review. Its reliance on our decision in *South Hills* is misplaced. In *South Hills*, the Court found the second prong was met because the appeal involved whether the agency had jurisdiction to regulate a private school's before- and after-school care programs— a question with broad implications for similarly situated schools across the Commonwealth. That situation implicated significant policy concerns. Meanwhile, the instant appeal concerns only whether the Department has personal jurisdiction over TitleMax and statutory authority to regulate their business. These questions, while important to TitleMax, do not raise an issue of public policy or affect other entities in a way that justifies interlocutory review. Accepting TitleMax's position would render any order involving jurisdiction or due process immediately appealable, contrary to the narrow interpretation of Rule 313 required by our case law. Accordingly, TitleMax has not met the second prong of the collateral order doctrine.

TitleMax's also fails to satisfy the third prong of the collateral order doctrine. Once again, its reliance on *South Hills* is misplaced. In that case, the Court found that the third prong was met because, absent immediate review, the school would face intrusive, and arguably unlawful, inspections. This case does not present such a scenario. Further, TitleMax's claim that it will incur substantial costs if

12

required to proceed with the administrative hearing is likewise unavailing. Recently, in *Chilutti v. Uber Technologies, Inc.*, ___ A.3d ___ (Pa., No. 58 EAP 2024, filed January 21, 2026), our Supreme Court reiterated that a party's "substantial loss" of money in litigating a claim is insufficient to meet the third prong of the collateral order doctrine. The *Chilutti* court highlighted Justice Wecht's observation that

> [i]f expenditure of resources when such expenditure could be avoided through an interlocutory appeal sufficed for [Pennsylvania Rule of Appellate Procedure] 313 purposes, then every interlocutory order presumably would satisfy the irreparable loss prong of the collateral order rule. The exception would devour the rule.

*Chilutti*, slip op. at 12 (quoting *J.C.D. v. A.L.R.*, 303 A.3d 425, 443 (Pa. 2023) (Wecht, J., concurring)). Simply put, TitleMax's concern that it will expend time and resources in moving forward with the administrative proceeding does not meet the standard for irreparable harm under Rule 313. Thus, we conclude this argument must fail.

### Is the order an appealable administrative remand?

Insofar as TitleMax argues that the Department's order is an appealable administrative remand under Pa. R.A.P. 311(f),[9] the Department maintains that the

---

[9] Pa. R.A.P. 311(f) states:

**(f) Administrative Remand.** An appeal may be taken as of right from:

(1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or

**(Footnote continued on next page…)**

argument should be rejected. By its terms, Rule 311(f) only applies to an order of a government unit that *remands* a matter to a hearing officer. Here, the order denying TitleMax's interlocutory appeal did not remand anything; rather, the order declined to overturn preliminary issues that had already been decided by the hearing officer.

We agree and conclude that this argument warrants only a brief discussion. TitleMax's argument that the Commission's refusal to overturn preliminary rulings constitutes a remand is unavailing. Rule 311(f) clearly contemplates a formal remand directive, not the mere continuation of proceedings. Accepting TitleMax's interpretation would render nearly every interlocutory agency ruling appealable. We decline to adopt such an expansive reading.

### Is the order an appealable adjudication?

Finally, the Department urges us to reject TitleMax's assertion that the underlying order is an appealable adjudication as that term is defined in the Administrative Agency Law, 2 Pa. C.S. §101, 501-508, 701-704.[10] As this Court

---

(2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed.

[10] Section 101 of the Administrative Agency Law, 2 Pa. C.S. §101, defines "adjudication" as follows:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

recognized in *Philadelphia County Medical Society v. Kaiser*, 699 A.2d 800 (Pa. Cmwlth. 1997):

> Even though the agency action has a direct impact on the person's rights or privileges, and is final so as to fall within the definition of an "adjudication", the action is not "valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa. C.S. §504. Until a hearing is held before the administrative agency and a record of that hearing made, Section 504 of the Administrative Agency Law provides that the adjudication is not valid or effective.

*Id.* at 806. The Department argues that in this case, the Commission's order is not a valid or effective adjudication because there has not yet been an evidentiary hearing in the OSC proceeding. "The reason behind this requirement is that judicial review, absent a valid administrative adjudication or proper record, is a 'premature interruption of the administrative process.'" Department's Brief in Support of Application to Dismiss Petition for Review at 16 (quoting *Kaiser*, 699 A.2d 806).

TitleMax counters that the order at issue is an appealable adjudication because it directly affects TitleMax's personal rights. Furthermore, TitleMax argues the Commission's decision is a final order because it is a final ruling as to the Department's jurisdiction. Finally, despite the plain wording of the Administrative Agency Law, TitleMax argues that adjudications do not necessarily have to be final orders. Here, the Commission's decision is "at the very least a 'decision, determination or ruling,' and is therefore an appealable adjudication." *Id.* at 48.

TitleMax's argument is meritless. As we noted above, the Commission's order is not a final order.[11] Furthermore, we find TitleMax's

---

[11] Indeed, as the *Kaiser* court recognized:

**(Footnote continued on next page…)**

15

interpretation of the Administrative Agency Law's definition of "adjudication" is strained as it disregards the language of 2 Pa. C.S. §504, which requires notice and an opportunity for a hearing before an adjudication is valid.[12] Courts have recognized that rulings made before an evidentiary hearing are not effective adjudications. *See Turner v. Pennsylvania Public Utility Commission*, 683 A.2d 942, 946 (Pa. Cmwlth. 1996) (until record is made of proceedings before an administrative agency, the agency's adjudication is not valid, i.e., effective); *Kaiser*. If TitleMax's argument were taken to its logical extreme, all gatekeeping would vanish, and appeals from preliminary rulings, scheduling orders, and procedural directives would flood the system, resulting in an appellate nightmare. We cannot countenance such a result.

---

Because, by definition, an agency action only results in an adjudication when there is a final order, *see Stone and Edwards Insurance, Inc. v. Department of Insurance,* 636 A.2d 293 (Pa. Cmwlth. 1994), *affirmed and remanded,* 648 A.2d 304 (Pa. 1994), only when those administrative appeals have been exhausted will the agency action become an adjudication subject to judicial review.

*Id.*, 699 A.2d at 801 (citations omitted).

[12] This Section of the Administrative Agency Law states:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

2 Pa. C.S. §504.

## CONCLUSION

For the reasons set forth above, we conclude that the Commission's order denying TitleMax's motion to dismiss was interlocutory and unappealable. Accordingly, we grant the Department's application to dismiss.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| TitleMax of Delaware, Inc., TitleMax of Ohio, Inc., TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., TitleMax Funding, Inc., TMX Finance LLC, TMX Finance Corporate Services, Inc., CCFI Companies, LLC, and all Successors or Predecessors in Interest, Affiliates, Subsidiaries, or Parent Companies, However Named, | : **CASES CONSOLIDATED** :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Petitioners | : |
| v. | : No. 635 C.D. 2025<br>: No. 811 C.D. 2025 |
| Department of Banking and Securities, | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 21st day of April, 2026, the application to dismiss filed by the Department of Banking and Securities is GRANTED.  The above-captioned matters are DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge