J-S39027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JESS TAYLOR HARKER | : | |
| | : | |
| Appellant | : | No. 114 MDA 2018 |

Appeal from the PCRA Order December 14, 2017
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000109-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 22, 2018**

Jess Taylor Harker (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we reverse the PCRA court's order and remand the matter for proceedings consistent with this decision.

The trial court summarized the facts and procedural history as follows:

On January 17, 2017, [Appellant] pleaded guilty to one count of [r]etail [t]heft graded as a [m]isdemeanor of the [f]irst [d]egree pursuant to a plea agreement that called for a sentence in the bottom half of the standard range to be served concurrently with [Appellant]'s sentence from Columbia County, Pennsylvania.

The court accepted [Appellant]'s plea agreement and sentenced him on the same day to three months to twenty-four months in a state correctional institution to be served concurrently with [Appellant]'s sentence from Columbia County.  The court based its sentence on the guidelines that included a standard range of RS-nine months.

On January 26, 2017, [Appellant] filed a post-sentence motion in which he claimed that the co[urt] used incorrect guidelines at

sentencing. [Appellant] claimed that the standard range was actually RS-four months.

The court granted [Appellant]'s post-sentence motion on January 27, 2017 and vacated the sentence imposed on January 17, 2[0]17. On March 6, 2017[,] the court re-sentenced [Appellant] to two months to twenty-four months in a state correctional institution concurrent to his Columbia County sentence. [The court determined Appellant] was not entitled to any credit against his sentence as he was serving a sentence in a Columbia County case.[1]

[Appellant] did not file a direct appeal from his sentence. He did, however, file a *pro se* [p]etition for [p]ost-[c]onviction relief. The court appointed counsel for [Appellant] and directed the filing of an amended petition. Counsel filed an amended petition in which he claimed that [Appellant] was entitled to relief because he did [not] receive credit for time served from the original sentencing date, January 17, 2017 to March 6, 2017, the date of his re-sentencing.

After [a] hearing on December 14, 2017, the court denied [Appellant]'s petition for post-conviction relief. [Appellant] timely filed his appeal and his [s]tatement of [m]atters [c]omplained of on [a]ppeal.

PCRA Court Opinion, 2/14/18, at 1-2.

Appellant presents a single issue for our review:

Did the [PCRA] [c]ourt err in denying post[-]conviction relief where [Appellant] was denied credit for time served while awaiting resentencing?

Appellant's Brief at 4.

_____

[1] The record reflects that Appellant's Columbia County sentence concluded in May 2018, and that after resentencing, his sentence in this Snyder County case would conclude in March 2019.

"Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa. Super. 2016) (quotations and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Appellant challenges the legality of the trial court's failure to award him credit for time served from January 17, 2017 to March 6, 2017, the time from his original judgment of sentence until his resentencing. Appellant's Brief at 7-9. Appellant maintains that his claim is cognizable under the PCRA as a challenge to the legality of his sentence.

At the outset, we note that Appellant is correct that his claim is cognizable under the PCRA. This Court has explained:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a *writ of habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (quoting *Commonwealth v. Perry*, 563 A.2d 511, 512-13 (Pa. Super. 1989)). Here,

because Appellant specifically challenges the legality of the trial court's failure to award him credit for time served as required by law in imposing his sentence, he has raised a claim cognizable in PCRA proceedings. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence.").

"Our Supreme Court has stated that an illegal sentence is one that exceeds the statutory limits." **Commonwealth v. Berry**, 877 A.2d 479, 482-83 (Pa. Super. 2005) (*en banc*) (quotations and citation omitted). This Court has "recognized a broader definition of an illegal sentence: if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Id.** (quotations and citation omitted). Thus, we have held that "a sentence is illegal where a statute bars the court from imposing that sentence." **Id.** at 483.

Section 9760 of the Judicial Code governs the award of credit for time served. **See** 42 Pa.C.S.A. § 9760. Section 9760 states:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

In support of his claim that the PCRA court erred in failing to award him credit for time served, Appellant argues that had the trial court initially sentenced him properly on January 17, 2017, he would not have needed to file a post-sentence motion and his sentence would have begun to run on that date. Appellant asserts that because his Columbia County sentence ends prior to his sentence in this case, the trial court's initial mistake in sentencing him, and his decision to challenge it, extended his maximum sentence by just under seven weeks. Appellant contends, therefore, that the failure to award him credit for that time period was fundamentally unfair.

While neither Section 9760 nor any binding authority from this Court address the situation facing Appellant, we find the Commonwealth Court's decision in **Collins v. Commonwealth, Department of Corrections**, 848 A.2d 1026 (Pa. Cmwlth. 2004) instructive.[2]  In **Collins**, the trial court sentenced Collins on two criminal informations to two concurrent terms of 7½ to 15 years of incarceration.  **Id.** at 1027.  On appeal, the Court vacated one of the 7½ to 15 years sentences and on remand, the trial court resentenced Appellant to time served to 15 years on that information.  **Id.**  The court ordered Appellant's sentences to run concurrently.  **Id.**  With respect to the sentence that was vacated, however, the Department of Corrections did not credit Appellant for the approximately two-and-a-half years he served from the time the trial court originally imposed the sentence and his resentencing, thus extending the termination date of that sentence by that amount of time. **Id.** at 1028.  Collins filed in the Commonwealth Court a petition for review in the nature of mandamus alleging that the Department of Corrections wrongly failed to credit him.  **Id.**

> The Commonwealth Court framed the issue as follows:
>
> [W]here a defendant successfully appeals a conviction that includes a sentence that runs concurrently with another sentence(s), and the new sentence likewise provides that the sentence is to run concurrently with the other sentence, does the defendant receive credit for the time between when the order to

---

[2] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." **Heredia**, 97 A.3d at 395 n.7.

- 6 -

vacate the old sentence is issued and the new sentence is imposed?

*Id.* at 1028.

The Commonwealth Court concluded that a defendant is entitled to credit for the time served between the order to vacate a sentence and the imposition of the new sentence, even when the defendant is already incarcerated on another concurrent sentence. The court explained:

> If one looks only at Section 9760 of the Sentencing Code, whether a defendant receives credit for the time between when the order is vacated and a new sentence is imposed appears to fall between the seams of its various subsections because nothing directly addresses that situation. What appears to be this gap in practice is not one because, analytically, when the trial court resentences after an appeal is vacated or post-conviction, the trial court is "going back" and doing it all over again *ab initio* and has the discretion, within constitutional bounds, to do anything that it could have done with that sentence at the time of the initial sentencing. Therefore, time spent during the period the sentence was vacated can be counted as consecutive time with another sentence if so ordered.
>
> To hold otherwise, that is, that the time between the vacating of the order and Collins' resentencing did not count as time served when at all times the trial court ordered that the sentences were to run concurrently, would mean that the amount of time that a defendant would serve would become depend[e]nt on when the "system" got around to reprosecuting his or her case. For example, in this case, if the "system" had brought him to trial six months earlier, Collins' maximum release date would have only been extended by two years, in and of itself raising due process concerns. Moreover, to hold otherwise would discourage prisoners from appealing, because even if they were successful on appeal and the trial court issued a reduced sentence on resentencing, they could end up serving more time, in essence, being punished for having successfully appealed, again implicating due process rights. In **North Carolina v. Pearce**, 395 U.S. 711, [] (1969), the United States Supreme Court specifically warned against such a "chilling effect" on prisoners taking appeals.

Although that case was factually different, it stood for the proposition that due process of law requires that those who choose to exercise constitutional rights should not be penalized for exercising those rights.

*Id.* at 1029-30 (footnotes omitted).

We find the Commonwealth Court's decision and underlying rationale sound, persuasive, and applicable to this case. Here, similar to **Collins**, the trial court vacated Appellant's sentence while he was serving a concurrent sentence in another matter. Like **Collins**, Appellant did not receive credit for the time served on his sentence from the time the trial court vacated his sentence and subsequently resentenced him. The trial court declined to award Appellant credit, despite not ordering the time served during that period to run consecutive to Appellant's Columbia County sentence, which as **Collins** points out, it could have done. **See id.**

Additionally, as in **Collins**, Appellant was effectively punished for pursuing his post-sentence rights. The trial court resentenced Appellant after he prevailed following the filing of a post-sentence motion for reconsideration of sentence. It took the trial court just under seven weeks to resentence Appellant, yet it only reduced the minimum tail of his sentence by one month while leaving his maximum sentence untouched. Given that his Columbia County sentence was set to expire well in advance of his sentence in this case, the court's failure to award Appellant credit for the time he served from the imposition of his original sentence until his resentencing added almost seven weeks to Appellant's sentence. Thus, Appellant would have been better off

having never filed the post-sentence motion. As the Commonwealth Court emphasized in **Collins**, treating defendants in such a manner would place a "chilling effect" on the pursuit of post-sentence rights, a practice that the United States Supreme Court has specifically rebuked. ***See id.***

For the above reasons, we conclude that the PCRA court erred in determining that Appellant was not eligible for credit for time served. Accordingly, we reverse the order dismissing Appellant's PCRA petition and remand for the application of credit for Appellant's time served from the imposition of his original judgment of sentence until his resentencing.

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/22/2018