**Stephen KRENZEL**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2003.

Decided Dec. 31, 2003.

---

Michael A. Morse, Philadelphia, for appellant.

Geoffrey B. Gompers, Philadelphia, for appellee.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) directing

SEPTA to give Stephen R. Krenzel (Krenzel) a hearing to challenge his employment termination. In doing so, the trial court reversed a decision of the SEPTA's hearing examiner that the question of Krenzel's termination was mooted by SEPTA's decision to reinstate Krenzel with full back pay and benefits. Thereafter, the trial court stayed its order pending the outcome of the present appeal that was filed pursuant to Pa. R.A.P. 311(f)(2).[1] We vacate and remand.

## BACKGROUND

On November 27, 1996, four-year-old Shareif Hall caught his foot in the escalator at the Cecil B. Moore Subway Station owned and operated by SEPTA. The child's injuries required the amputation of his left foot. A suit was filed on behalf of Hall against SEPTA, which was held liable for damages in excess of $51 million.

At the time of the Hall accident, Krenzel, who had been employed by SEPTA since 1980, served in the position of Assistant Director of Plant Construction and Maintenance for SEPTA. Krenzel's conduct during the Hall litigation triggered an investigation by SEPTA, which resulted in a disciplinary memorandum being issued on May 30, 2000 to Krenzel notifying him that SEPTA intended to discharge him.[2] The reasons for the intended discharge included the charge that Krenzel prepared a "highly speculative" post-accident report placing the blame for the accident on the child's footwear and not on any maintenance or mechanical problems; that Krenzel improperly investigated the scene; and that Krenzel acted in other ways inappropriately during the litigation.

On August 14, 2000,[3] SEPTA conducted a pre-termination hearing, which was concluded after two hours. As a result, SEPTA discharged Krenzel, effective August 21, 2000, with pay and benefits to terminate August 31, 2000.

Krenzel then requested a post-termination hearing. Retired Common Pleas Court Judge Murray Goldman was appointed by SEPTA to conduct the hearing. On November 28, 2000, the hearing commenced with consideration of a number of motions over several days. The hearing was then continued to December 11, 2000.

At the December 11, 2000 hearing, SEPTA informed Judge Goldman that it had withdrawn its charges against Krenzel; reinstated him to his prior position with the same benefits and pay; and agreed to payment of lost wages and benefits. SEPTA stated that it intended to issue Krenzel a written reprimand and institute a one-year period of probation from May 30, 2000 for certain "minor shortcomings" that occurred during the Hall trial. SEPTA also informed Krenzel that he could challenge the reprimand in an administrative proceeding. Based on SEPTA's actions, Judge Goldman concluded that Krenzel's post-termination hearing was moot and

---

1. It states:

 (f) **Administrative Remand.** An appeal may be taken as of right from:
 (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.
 Pa. R.A.P. 311(f)(2).

2. SEPTA issued Krenzel a Notice of Imminent Discharge on May 30, 2000. Reproduced Record 128a. (R.R. ——).

3. A report of this informal hearing was prepared by Patrick A. Nowakowski. SEPTA convened this pre-termination hearing to comply with *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Krenzel refused to answer the SEPTA charges, however, contending that the burden of proof was on SEPTA.

dismissed the case. Krenzel appealed to the trial court.

The trial court determined that Krenzel was denied due process when his post-termination hearing was concluded as moot. The trial court held that Krenzel was entitled to a hearing on whether his termination, later replaced by a reprimand, was valid even though he was reinstated to employment with back pay.[4] Further, although the trial court did "not question Judge Goldman's integrity," it found that because he was selected and paid by SEPTA to preside over a question of SEPTA's treatment of an employe, there was an "appearance" that Krenzel was deprived of a hearing before an impartial tribunal. Thus, the trial court ordered the matter remanded for a post-termination hearing before an impartial fact finder.

At the same time Krenzel pursued a post-termination hearing, he filed a federal civil rights and whistle-blower action against SEPTA and two senior managers to challenge his employment termination. The federal court dismissed all counts of the complaint except for the claim of retaliation by SEPTA. The jury found in favor of SEPTA on that remaining count, and Krenzel has appealed. SEPTA has filed a motion to supplement the record in appeal before this Court with certain documents from this federal court proceeding. In response, Krenzel has filed a motion to strike portions of SEPTA's brief relating to the federal action or, in the alternative, to supplement the record with other documents from the federal court proceeding.[5]

In its appeal, SEPTA has raised several issues. It contends that the due process "question" identified by the trial court does not exist. Specifically, SEPTA argues that due process does not require that a post-termination hearing be held sooner than six months after an employee is given notice of discharge. Further, SEPTA contends that due process does not require a hearing, once Krenzel was reinstated, to "clear his name," when SEPTA never published the facts of his termination. Finally, SEPTA argues that its appointment and compensation of Judge Goldman to preside over Krenzel's post-termination hearing comported with due process.

We address SEPTA's substantive issues as well as the various motions of the parties *seriatim.*

## MOTION TO SUPPLEMENT RECORD

 We consider, first, SEPTA's motion to supplement the record and Krenzel's motion to strike those portions of SEPTA's brief that rely upon the supplemental materials offered in SEPTA's motion. For reasons set forth below, we deny SEPTA's motion, and we grant Krenzel's motion.

SEPTA moved to supplement the record in this appeal with pleadings and certain transcripts from the federal court proceeding. It seeks to use these materials to show that SEPTA did not publish the reasons for Krenzel's termination and that each issue not litigated in this proceeding has now been fully litigated in Krenzel's

---

4. On page 3 of its opinion the trial court indicates that Krenzel was fully reinstated with back pay, but on page 7 it indicates that he was *not* fully reinstated, noting that the parties did not execute either a release or settlement agreement.

5. Krenzel also moved to supplement the record with documents relating to the appointment of the first hearing officer, who resigned prior to Judge Goldman's appointment. That motion was denied by this Court on May 21, 2003. In fact, SEPTA has filed this motion twice. The first motion was filed and denied *prior to* oral argument.

federal court proceeding. Accordingly, the remand hearing ordered by the trial would simply give Krenzel another opportunity to relitigate issues decided in the federal proceeding, which would violate the doctrine of collateral estoppel.

Many of the materials selected by SEPTA from the federal court proceeding postdate the proceeding in the trial court, which concluded with the trial court remand order of December 28, 2001. The federal court trial was conducted from September 10 through September 16, 2002. The federal court's judgment in favor of SEPTA on three counts was entered on September 13, 2002; the jury verdict in favor of SEPTA on the remaining count was entered on September 16, 2002.

Pa. R.A.P.1921 is dispositive of what items belong in the record. It states:

> The original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and certified docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

Here, the federal court materials were not certified by the trial court. Indeed, certification was impossible in light of the timing of the two proceedings. Accordingly, these materials cannot be made part of the record at the appellate stage.

■ Therefore, we deny SEPTA's motion,[6] and we grant Krenzel's motion to strike. We refuse to consider SEPTA's brief to the extent it seeks to reverse the trial court's order on grounds of collateral estoppel.

## DUE PROCESS CLAIM

■ The first substantive issue is whether SEPTA's appointment of Judge Goldman as hearing officer violated due process. The trial court acknowledged that it had no reason to question Judge Goldman's integrity and, presumably, his impartiality. Nevertheless, the trial court held that there was an appearance of impropriety. The trial court reasoned that Krenzel's right to an impartial tribunal was compromised where, as here, the propriety of actions taken by SEPTA would be decided by a person selected and compensated by SEPTA. Indeed, the trial court noted that SEPTA may hire Judge Goldman in the future, and it found the existence of this potentially on-going employment relationship to taint Krenzel's post-termination hearing.

■ These circumstances are present, however, in virtually every case where an administrative hearing is conducted by the agency to review the agency's action. The premise of the trial court's holding is that SEPTA cannot review, and correct, its own decision. However, that is the very purpose of the administrative hearing, and we cannot presume its futility. *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 75, 422 A.2d 141, 145 (1980). It has long been understood that a combination of the functions of investigation, prosecution and adjudication within a single agency does not violate due process. *See Withrow v. Larkin*, 421 U.S. 35, 58, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 271, 318 A.2d 910, 915 (1974). However, due process does require a separation of functions within the agency, which is achieved when the inconsistent functions of prosecution and adjudication are assumed by different individuals

---

**6.** In any case, it is not clear that it is necessary to make the federal court materials part of the record. Judicial notice can be taken of pleadings and judgments in other proceedings where appropriate. *Commonwealth v. Tau Kappa Epsilon*, 530 Pa. 416, 420 n. 2, 609 A.2d 791, 793 n. 2 (1992); Pa. R.E. 201(f).

within the agency. *See, e.g., Stone & Edwards Insurance Agency v. Department of Insurance*, 538 Pa. 276, 283, 648 A.2d 304, 308 (1994); *Marchionni v. Southeastern Pennsylvania Transportation Authority*, 715 A.2d 559, 563–564 (Pa.Cmwlth.1998). Such "walls of division" eliminate any "threat or appearance of bias." *Lyness v. State Board of Medicine*, 529 Pa. 535, 546, 605 A.2d 1204, 1209 (1992).

Here, the function of prosecution was separated from the function of adjudication. Outside counsel was hired to represent SEPTA, and Judge Goldman was appointed to adjudicate Krenzel's claims. This satisfied due process.[7] Accordingly, we hold that the trial court erred. An appearance of impropriety cannot be inferred from the mere fact that SEPTA appointed and compensated the hearing officer assigned to adjudicate Krenzel's claims against SEPTA.

## POST–TERMINATION HEARING

The next substantive issue is whether Krenzel is entitled to another post-termination hearing in light of our conclusion that the first proceeding was not tainted by virtue of SEPTA's appointment and compensation of Judge Goldman. Stated otherwise, the question is whether the trial court erred in its determination that Krenzel's termination was not moot.

SEPTA, by its hearing officer, held that Krenzel's post-termination hearing was mooted by SEPTA's decision to reinstate Krenzel to his position with full back pay and benefits. At the hearing on December 11, 2000, SEPTA stated that it was withdrawing Krenzel's discharge and, instead, was issuing a written reprimand and placing him on probation. SEPTA's decision to reinstate Krenzel to his previous position, with back pay, rendered the matter of Krenzel's termination moot, as found by the hearing examiner, Judge Goldman. Regardless of what legal wrongs[8] may have been proved by Krenzel had the hearing continued, the maximum relief to be ordered was reinstatement with back pay. Where, as here, there is no meaningful relief to be ordered, a matter is moot. *Zemprelli v. Thornburgh*, 78 Pa.Cmwlth. 45, 466 A.2d 1123, 1124 (1983). *See also* 2 STANDARD PENNSYLVANIA PRACTICE § 6:44 (2001). The matter of Krenzel's termination is moot.

Nevertheless, it is clear that a controversy continues between the parties. SEPTA alleges that because of its actions, Krenzel "continues today in his job with back pay and benefits and a purged employment record as though the discipline never happened." SEPTA's Brief, p. 13. Krenzel, on the other hand, alleges that SEPTA failed to keep its promise to reinstate him to his previous position and that

---

7. The trial court's holding, if affirmed, would suggest that due process required that every administrative hearing be conducted by a separate and distinct agency. In some instances, the General Assembly had established separate boards to conduct administrative hearings arising from agency action. *See, e.g.*, the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. §§ 7511–7516, which created an independent board to hear cases involving the Department of Environmental Resources. The creation of this independent board reflects a policy decision of the legislature not a demand of due process.

We have specifically held that on-going employment of a school solicitor does not create an appearance of impropriety so long as the solicitor did not function both as prosecutor and adjudicator. *Harmon v. Mifflin County School District*, 651 A.2d 681, 685 (Pa. Cmwlth.1994).

8. Whether due process required a more expeditious termination hearing, is, therefore, of no moment.

it deprived him of thousands of dollars in back pay.[9]

As a metropolitan transportation authority, SEPTA is governed by 74 Pa.C.S. §§ 1701–1785. It provides, in relevant part, that

> [n]o officer or employee shall be discharged or demoted except for just cause.

74 Pa.C.S. § 1724(a)(3). For purposes of jurisdiction, this Court has held on repeated occasions that SEPTA is a local agency and not an agency of the Commonwealth.[10] *See, e.g., Quinn v. Southeastern Pennsylvania Transportation Authority,* 659 A.2d 613, 615 (Pa.Cmwlth.1995). Thus, its hearings are governed by the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.[11]

As an employee of SEPTA, Krenzel is entitled to assert rights under 74 Pa.C.S. § 1724(a)(3) that should be adjudicated pursuant to the Local Agency Law, 2 Pa. C.S. §§ 551–555, 751–754. As the trial court stated, "Krenzel was entitled to try to prove that any disciplinary action, whether termination or letter of reprimand, was without merit." Opinion at 7. At oral argument Krenzel's counsel indicated that Krenzel had already pursued SEPTA's administrative procedures with respect to the reprimand and probation and denied that Krenzel sought a name-clearing hearing. At this point it is not clear what, if any, disciplinary action remains unresolved. Either Krenzel seeks to have SEPTA's reinstatement promise enforced or to have his probation and related disciplinary measures set aside; Krenzel has a right to have either claim pursued in a hearing before SEPTA.

This appeal is remanded to the trial court to sort out the outstanding issues. However, once those issues are identified, they are to be remanded to SEPTA for an administrative hearing to be conducted in accordance with the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, to resolve factual and legal disputes. To the extent Krenzel seeks a name clearing hearing, SEPTA may, at the administrative hearing, raise the defense that this issue has been adjudicated in Krenzel's federal civil rights proceedings. The questions of whether SEPTA has breached a reinstatement promise and whether Krenzel's reinstatement entitles him to demand the exact same job with the exact same duties, require factual findings that under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, should be made in the first instance before SEPTA.

## CONCLUSION

For these reasons, the trial court's order is vacated, and this matter is remanded to

---

9. In fact, Krenzel's prayer for relief in his appeal to the trial court was for reinstatement to, and a hearing to determine what back pay and benefits were still due and owing to him. It may be that this complaint, *i.e.* that SEPTA did not honor its reinstatement commitment, is separate and discrete from his post-termination convened to determine whether Krenzel was entitled to reinstatement. It is of no moment because the trial court has the authority to transfer an erroneously filed case to the appropriate tribunal as does this Court. Pa. R.A.P. 751.

10. For purposes of immunity from actions in tort, SEPTA is an agency of the Commonwealth. *See Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986).

11. The Local Agency Law requires an opportunity to be heard on any matter adjudicating "personal or property rights." 2 Pa.C.S. §§ 101, 553. At this hearing, all relevant evidence that is reasonably probative shall be received, and examination and cross-examination permitted. 2 Pa.C.S. § 554. Agency adjudications must be in writing, contain factual findings and the reasons for the adjudication. 2 Pa.C.S. § 555.

the trial court to establish the issues outstanding between the parties. To the extent a factual record is needed to determine, for example, whether Krenzel has been demoted or SEPTA's reinstatement promise breached, the matter will require a formal administrative hearing before SEPTA.

Senior Judge MIRARCHI concurs in the result.

### ORDER

AND NOW, this 31st day of December, 2003, the order of the Court of Common Pleas of Philadelphia County (trial court) in the above-captioned matter is hereby vacated, and this matter is remanded for further proceedings consistent with this opinion. The respective motions of Stephen Krenzel and of Southeastern Pennsylvania Transportation Authority to supplement the record are denied. The motion of Stephen Krenzel to strike portions of SEPTA's brief is granted.

Jurisdiction relinquished.