# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Smith,                          :
                  Petitioner     :
                               :
        v.     :
                               :
Pennsylvania Board of                   :
Probation and Parole,                   :   No. 1538 C.D. 2019
                Respondent   :   Submitted:  October 9, 2020


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge[1]
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  January 8, 2021

         Matthew Smith (Smith) petitions for review of the October 9, 2019 decision of the Pennsylvania Board of Probation and Parole[2] (Board) that denied his petition for administrative review of the Board's December 28, 2018 decision, recommitting him to a state correctional institution (SCI) as a convicted parole violator (CPV), and declining to award him credit for the time he spent at liberty on

---

[1] The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

parole because his new criminal conviction was similar to his original offense. Smith contends that the Board abused its discretion by failing to give him credit for his street time and modifying his parole violation maximum date to July 7, 2020. Smith also claims the Board erroneously dismissed his May 2, 2019 *pro se* filing, concluding that it was a second or subsequent request related to his appeal of the Board's December 28, 2018 decision regarding his street time credit. In actuality, Smith's May 2, 2019 *pro se* filing related to a subsequent decision of the Board that modified his parole violation maximum date to March 18, 2021.

In addition to the petition for review, David Crowley, Esquire,[3] filed a petition for remand (Petition for Remand) and application for stay, requesting that this Court stay the briefing schedule and remand this matter to the Board for it to either answer Smith's May 2, 2019 *pro se* filing or address its recalculation of Smith's parole violation maximum date to March 18, 2021. Attorney Crowley explained that the Board entered a decision on December 28, 2018 (recorded on December 19, 2018), which recalculated Smith's parole violation maximum date to July 7, 2020, and entered a subsequent decision, recorded on January 16, 2019,[4] recalculating Smith's parole violation maximum date to March 18, 2021, "DUE TO DEPARTMENT OF CORRECTIONS SENTENCE RESTRUCTURE[.]" Certified

---

[3] Attorney Crowley is a public defender in Centre County, Pennsylvania. He initially represented Smith, based on Smith's incarceration at SCI-Rockview. While review of Smith's petition for review was pending before this Court, Smith was reparoled to a residence in Lycoming County. Accordingly, on May 26, 2020, we granted Attorney Crowley leave to withdraw his appearance and directed the public defender of Lycoming County, Pennsylvania, to enter an appearance for Smith. In accordance with our order, Nicole J. Spring, Esquire, entered her appearance and filed a brief in support of the petition for review and the petition for remand (Petition for Remand).

[4] The Board's January 16, 2019 decision does not include a mailing date. *See* Certified Record (C.R.) at 82.

2

Record (C.R.) at 82. Attorney Crowley claimed that the Board erroneously dismissed Smith's May 2, 2019 *pro se* filing, which challenged the Board's January 16, 2019 decision, because the Board believed that the request related to the December 28, 2018 decision.

On February 18, 2020, this Court granted the application for stay of the briefing schedule pending disposition of the Petition for Remand. On April 22, 2020, we lifted the stay and ordered that the Petition for Remand be decided with the merits of the petition for review. Thus, the Petition for Remand is also currently before this Court. For the reasons that follow, we grant the Petition for Remand and affirm in part and reverse in part the Board's October 9, 2019 decision.

## Background

In 2015,[5] Smith was arrested for possession with intent to deliver a controlled substance and subsequently sentenced to probation by the Court of Common Pleas of Lycoming County (trial court). *See* Trial Court Order, 2/8/2016, at 1; App. to Smith's Brief;[6] *see also* C.R. at 1-3. Smith violated the terms of his probation by, *inter alia*, possessing drug paraphernalia. As a result, his probation was revoked, and, on February 18, 2016, he was sentenced by the trial court to an

---

[5] Smith's criminal history predates 2015. However, we only address the convictions relevant to this appeal.

[6] Although the Certified Record contains some information pertaining to Smith's 2015 arrest and sentence of probation by the Court of Common Pleas of Lycoming County (trial court), *see* C.R. at 1-3, we note that the trial court's February 18, 2016 resentencing order, which Smith has attached as an appendix to his appellate brief, does not appear in the Certified Record in this matter. However, we may take judicial notice of the trial court's resentencing order and do so here merely for purposes of providing general background information relating to Smith's criminal history. *See, e.g.*, Pennsylvania Rule of Evidence 201(b)(2), Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Krenzel v. Se. Pa. Transp. Auth.*, 840 A.2d 450 (Pa. Cmwlth. 2003) (stating that judicial notice of judgments in other proceedings may be taken where appropriate).

3

aggregate term of 1 year, 30 days to 4 years of incarceration on the original drug conviction and the new drug paraphernalia conviction. Trial Court Order, 2/8/2016, at 2; App. to Smith's Brief; *see generally* C.R. at 1-3.

On June 18, 2017, Smith was released on parole. C.R. at 7. At that time, his parole violation maximum date was May 17, 2019. *Id.* He remained on parole until his arrest in Williamsport, Pennsylvania, on December 6, 2017, for possession and delivery of crack cocaine, and related charges. C.R. at 11-12. The Board lodged a detainer warrant that same day. C.R. at 16. On August 8, 2018, Smith was found guilty of delivery of a noncontrolled substance, possession with intent to deliver a noncontrolled substance,[7] and criminal use of a communications facility. C.R. at 28. On that date, he was released on his own recognizance by the trial court and was thereafter transported to SCI-Rockview on August 13, 2018, pursuant to the Board's detainer warrant.[8] C.R. at 29, 35. On September 11, 2018, Smith waived his rights to counsel and a revocation hearing, and admitted that he had been found guilty of new criminal charges. C.R. at 40. On October 29, 2018, the trial court issued an order sentencing Smith to 18 to 36 months in an SCI. C.R. at 62-65. Smith received credit toward his new sentence for time served in the Lycoming County Prison from December 6, 2017, through August 7, 2018. C.R. at 63.

---

[7] Smith was originally charged with delivering crack cocaine to a police informant, but was ultimately found guilty of delivering a noncontrolled substance, *i.e.*, a substance that "substantially resembles a specific controlled substance." *See* Section 13(a)(35)(i) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(35)(i).

[8] Smith was thus detained solely on the Board's detainer warrant from August 8, 2018, onward. C.R. at 29, 35.

By decision recorded on October 29, 2018, the Board recommitted Smith to serve nine months' backtime as a CPV, when available, pending sentencing on his new conviction. C.R. at 60-61. Following sentencing by the trial court, the Board issued its December 28, 2018 decision (recorded on December 19, 2018), referring to its October 29, 2018 recommitment decision and stating that, in its discretion, it was not awarding credit for the time Smith spent at liberty on parole because his "NEW CONVICTION [was the] SAME/SIMILAR TO THE ORIGINAL OFFENSE." C.R. at 75-76. Accordingly, Smith's maximum sentence date was recalculated to July 7, 2020. *Id*.

Smith, through Attorney Crowley, filed a petition for administrative review on January 28, 2019, which the Board received on January 30, 2019. C.R. at 83. Smith challenged the denial of credit for the time he spent at liberty on parole, stating that the Board's decision recorded on December 19, 2018, *i.e.*, the December 28, 2018 decision, "purports to deny credit on the basis of the similar nature of the new conviction, [but] that decision was not contemporaneous with the October [29], 2018 decision to recommit [Smith] which contravenes *Pittman v. Pennsylvania Board of Probation and Parole*, . . . 159 A.3d 466 ([Pa.] 2017)." C.R. at 86.

Prior to Smith's challenge of the Board's December 28, 2018 decision, the Board issued a modified order to recommit on January 16, 2019, which advised that, "DUE TO DEPARTMENT OF CORRECTIONS SENTENCE RESTRUCTURE, MODIFY BOARD ACTION OF 03/17/2017 TO REFLECT THE NEW MAX DATE, 01/26/2020, AND THE BOARD ACTION OF 12/19/2018 TO REFLECT THE NEW PAROLE VIOLATION MAX DATE, 03/18/2021." C.R. at 80-82. As such, Smith's parole violation maximum date of July 7, 2020, as

reflected in the decision recorded on December 19, 2018, was modified to March 18, 2021.

On May 2, 2019,[9] the Board received a *pro se* "Inmate Inquiry" from Smith. C.R. at 87-89. Smith complained therein that his street time was revoked and that his parole violation maximum date was changed to July 7, 2020. Then, on January 16, 2019, the Board "changed [] the 7-7-2020 date to 3-18-2021[.]" C.R. at 88. Smith thus asserted that the "3-18-2021 max out date is wrong" and needs to be corrected. C.R. at 89.

On October 9, 2019, the Board issued a response to the petition for administrative review filed by Attorney Crowley on January 28, 2019. First, the Board advised that no action would be taken on Smith's May 2, 2019 *pro se* filing "because it is deemed second or subsequent" to Attorney Crowley's January 28, 2019 filing. C.R. at 91. Second, the Board indicated that its December 28, 2018 decision, which referred to its October 29, 2018 recommitment decision, explained the reason for denying Smith credit for time at liberty on parole as "new conviction same/similar to the original offense." *Id.* Further, the Board's October 29, 2018 decision only addressed Smith's recommitment to serve nine months' backtime as a CPV; it did not address his street time. Thus, according to the Board, *Pittman* was satisfied. Third, the Board stated that Smith's parole violation maximum date was correctly recalculated to July 7, 2020, as he had 698 days remaining on his sentence at the time he was paroled and was credited 81 days for the time he spent incarcerated solely on the Board's warrant from August 9, 2018, to October 29, 2018, which left 617 days remaining on his original sentence. Adding 617 days to October 29, 2018,

---

[9] The letter is stamped as having been received by the Board's Records Unit on April 30, 2019. C.R. at 87-90.

6

the date Smith became available to serve his original sentence, established a new parole violation maximum date of July 7, 2020. C.R. at 92. The Board therefore affirmed its December 28, 2018 decision.

On November 4, 2019, Smith, through Attorney Crowley, petitioned this Court for review of the Board's decision. Specifically, Smith sought review of "the October 9, 2019 denial of Administrative Relief concerning Decisions of the . . . Board . . . mailed December 28, 2018 [(recorded December 19, 2018)], which revoked [Smith's] parole and extended his parole violation maximum date." Petition for Review ¶ 4. Subsequently, on February 12, 2020, Attorney Crowley filed the Petition for Remand.

## Petition for Remand

In the Petition for Remand, Attorney Crowley contends that the Board's January 16, 2019 decision appears to have mooted Smith's appeal of the December 28, 2018 decision, because the July 7, 2020 parole violation maximum sentence date has now been modified to reflect a maximum date of March 18, 2021. Petition for Remand ¶ 8. Attorney Crowley further contends that the Board erred in concluding that Smith's May 2, 2019 *pro se* filing was "second or subsequent" to Attorney Crowley's petition for administrative review of the Board's December 28, 2018 decision, as the *pro se* filing was either a new petition challenging the new maximum date or an amendment of the counseled petition for administrative review. Petition for Remand ¶ 9. Attorney Crowley points out that Smith's *pro se* filing clearly referenced the Board's January 16, 2019 decision, recalculating his parole violation maximum date to March 18, 2021, and specifically claimed that the recalculation was in error and must be corrected. Petition for Remand ¶¶ 5, 10. Attorney Crowley additionally asserts that the January 16, 2019 decision is procedurally defective

7

because the decision does not "contain any information on the time limitations for any challenge to this new computation[,]" and that he never received a copy of the Board's January 16, 2019 decision. Petition for Remand ¶ 7.

The Board responds that the sole issue raised in the petition for administrative review of the Board's December 28, 2018 decision was a *Pittman* challenge, which is demonstratively meritless. *See* Board's Response to Petition for Remand filed 4/21/2020, at 3. Additionally, the Board asserts that Smith's *pro se* filing was properly rejected as a second or subsequent request for relief pursuant to 37 Pa. Code § 73.1. *Id.* The Board points out that Smith was represented by Attorney Crowley in the administrative appeal challenging the December 28, 2018 decision, yet Smith attempted to file a *pro se* document. *Id.* The Board contends that a parolee who has counsel cannot submit a *pro se* filing because hybrid representation is not permitted. *Id.* at 4-5.

The Board is correct that "a parolee, by counsel unless unrepresented, may petition for administrative review . . . within 30 days of the mailing date of the Board's determination[,]" and that any "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received." 37 Pa. Code § 73.1(b)(1), (3). However, Smith's May 2, 2019 *pro se* filing was clearly not a "second or subsequent" petition for administrative review of the Board's December 28, 2018 decision. Smith's *pro se* filing instead specifically questions the Board's January 16, 2019 decision recalculating his parole violation maximum date to March 18, 2021, and requests correction of the recalculation. Accordingly, we conclude that the Board erred in dismissing the *pro se* filing on the basis that it related to Smith's petition for

8

administrative review of the Board's December 28, 2018 decision regarding his street time.

Despite concluding that the Board erred in dismissing Smith's *pro se* filing, we cannot, as Attorney Crowley suggested in the Petition for Remand, simply remand this matter to the Board for consideration of the *pro se* filing. The Board issued its decision on January 16, 2019, and even though that decision lacks a timestamp indicating its mailing date, we note that Smith did not respond until May 2, 2019. A parolee must appeal a revocation decision within 30 days of the Board's order or the appeal will be dismissed as untimely. Section 6113(d) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(d); 37 Pa. Code § 73.1(b)(1); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

However, in the Petition for Remand, Attorney Crowley contends that he never received a copy of the Board's January 16, 2019 decision. He further asserts that the decision does not contain information regarding the time limitation for appealing it. We note that the Board has not responded to Attorney Crowley's claim that proper notice of the decision was not provided, despite this Court's direction in our April 22, 2020 order that the parties address both the petition for review and the Petition for Remand in their briefs to this Court. Additionally, our review of the January 16, 2019 decision, as contained in the Certified Record in this matter, appears to support Attorney Crowley's claim that the decision lacks a mailing date and, thus, does not contain any information regarding the time limitation for appealing it. *See* C.R. at 80-82. While the 30-day time period for appealing a Board order is jurisdictional, it may be extended upon a showing of fraud or a breakdown in the administrative process. *Moore v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986). A delay in filing an appeal that is not

attributable to the parolee, such as the intervening negligence of a third party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief. *Larkin v. Pa. Bd. of Prob. & Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989). Attorney Crowley has made assertions in the Petition for Remand that, if established, may be sufficient to warrant *nunc pro tunc* review. Accordingly, we will grant the Petition for Remand and remand this matter to the Board for it to hold an evidentiary hearing on whether Smith is entitled to *nunc pro tunc* review of the Board's January 16, 2019 decision recalculating his maximum date to March 18, 2021. If it is determined by the Board that the delayed filing of Smith's *pro se* request for relief occurred due to a breakdown in the administrative process or the intervening negligence of a third party, Smith will be entitled to appeal the Board's January 16, 2019 decision *nunc pro tunc*, and the Board shall proceed to consider the merits of Smith's May 2, 2019 *pro se* filing and issue a new decision responding thereto.

### Merits of the Petition for Review

Attorney Crowley suggests that the Board's December 28, 2018 decision became moot upon the Board's issuance of its January 16, 2019 decision. We disagree. The Board's December 28, 2018 decision addressed whether Smith was entitled to credit for the time he spent at liberty on parole. Therein, the Board recalculated Smith's parole violation maximum date because it denied credit for his street time. By contrast, the Board's January 16, 2019 decision recalculated Smith's parole violation maximum date for a different reason, the Department of Corrections' sentencing restructuring. C.R. at 82. We will therefore address the

10

merits of the petition for review in order to consider the Board's December 28, 2018 decision.[10]

Smith contends that the Board abused its discretion by denying him credit for his street time and modifying his parole violation maximum date to July 7, 2020.[11] Smith does not deny that the Board's December 28, 2018 decision provided a contemporaneous statement explaining the reason for denying street time credit in accordance with *Pittman*, 159 A.3d at 475 (requiring the Board to provide a "contemporaneous statement" when it exercises its discretion to deny credit). However, Smith argues that the Board abused its discretion[12] by not considering his conduct over the course of his parole. For example, Smith asserts that while on parole, he successfully attended outpatient treatment at Genesis House and the Day Reporting Center Program. Smith's Brief at 14. Further, he claims that his "adjustment to supervision during [his] time on parole was less wrought by significant violations, as had been his past adjustment to supervision." *Id.*

The Board notes that the only issue raised in the petition for administrative review was based on *Pittman*. We agree, and as explained above, Smith no longer claims the Board's decision was not in accordance with *Pittman*. Indeed, the December 28, 2018 decision denying Smith credit for the time he spent

---

[10] This Court's review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Walker v. Pa. Bd. of Prob. & Parole*, 729 A.2d 634, 637 n.4 (Pa. Cmwlth. 1999).

[11] Smith also argues the Board erred in determining that his May 2, 2019 *pro se* filing was "second or subsequent" to Attorney Crowley's filing. C.R. at 91. Because we have already addressed this issue in our disposition of the Petition for Remand, we need not revisit it.

[12] "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

11

at liberty on parole specifically provided a contemporaneous reason for the Board's action. Moreover, in *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 390-91 (Pa. Cmwlth. 2019), we determined that the Board's denial of street time credit based on "new conviction same/similar to the original offense" was sufficient under *Pittman*.

Smith now claims that the Board abused its discretion by denying him street time credit because he was strictly supervised and did relatively well when considering his overall record of parole violations. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). Because Smith raises this issue regarding the denial of his street credit for the first time in his brief to this Court, it is waived.

## Conclusion

In sum, we affirm the Board's October 9, 2019 decision to the extent that it denied Smith credit for the time he spent at liberty on parole, but reverse the decision to the extent that it dismissed Smith's May 2, 2019 *pro se* filing as a second or subsequent request for relief from the Board's December 28, 2018 decision. We grant the Petition for Remand and remand this matter to the Board to hold an evidentiary hearing to determine whether the reason(s) delaying the filing of Smith's May 2, 2019 *pro se* inmate request regarding the Board's January 16, 2019 decision are sufficient to warrant *nunc pro tunc* review.

_____
CHRISTINE FIZZANO CANNON, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Smith,                          :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :    No. 1538 C.D. 2019
                    Respondent          :


O R D E R


AND NOW, this 8th day of January, 2021, the Pennsylvania Board of Probation and Parole's (Board) October 9, 2019 decision is **AFFIRMED** in part, to the extent that it denied Matthew Smith (Smith) credit for the time he spent at liberty on parole, and **REVERSED** in part, to the extent that decision dismissed Smith's May 2, 2019 *pro se* filing as a second or subsequent request for relief from the Board's December 28, 2018 decision.

The Petition for Remand filed by Smith is **GRANTED**, and the matter is **REMANDED** to the Board for an evidentiary hearing to determine whether the reason(s) delaying the filing of Smith's May 2, 2019 *pro se* inmate request regarding the Board's January 16, 2019 decision are sufficient to warrant *nunc pro tunc* relief.

Jurisdiction is relinquished.


_____
CHRISTINE FIZZANO CANNON, Judge