IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Poplawski, : 
     Petitioner : 
             :
   v.       :   No.  135 M.D. 2021
            :   Submitted:  March 4, 2022
Noah Marlier, Esquire, : 
     &    : 
Michelle L.N.U., Employee, : 
     Respondents : 

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE       FILED:  May 6, 2022


   Noah Marlier, Esquire (Marlier)[1] and Michelle Jackson (Jackson),[2] (collectively, Prothonotary) filed Preliminary Objections (Prothonotary's POs) in response to inmate Richard A. Poplawski's (Poplawski) petition for review (Petition) seeking this Court to order Prothonotary to accept for filing a cross-

---

[1] Marlier is the Montgomery County Prothonotary.  Petition ¶ 2; Prothonotary's POs ¶ 2.

[2] The case caption identifies Jackson as "Michelle L.N.U." as Petitioner Richard A. Poplawski references her in his Petition as "Michelle (last name unknown)[,]" indicating that he was unable to ascertain her last name, but identifies her as an employee of the Montgomery County Prothonotary's Office.  *See* Petition ¶¶ 3-4; Prothonotary's POs ¶ 3.

complaint in his wife's divorce action.[3] Poplawski then filed preliminary objections (Poplawski's POs) to Prothonotary's POs. After review, we dismiss Poplawski's Petition, as the issues he raised are now moot.

Poplawski is an inmate at the State Correctional Institution at Phoenix. In January 2021, Poplawski's wife filed a divorce complaint in the Montgomery County Court of Common Pleas. Petition ¶ 6. Poplawski claims that by mid-March, when he still had not been served with the original divorce complaint, he sought to file a cross-complaint in the matter. Petition ¶¶ 7-8. However, Prothonotary returned the cross-complaint to him unfiled with a note remarking that there was already an active divorce action. Petition ¶ 9. Poplawski returned the cross-complaint to Prothonotary and requested that it be docketed. Petition ¶ 10. Poplawski notes that as of the date of filing his Petition, the cross-complaint had not been filed. Petition ¶ 11. Poplawski filed this Petition requesting that this court enter an order "COMMANDING [Prothonotary] to file his divorce action[.]"[4] *See* Petition.

In response to Poplawski's Petition, Prothonotary filed Prothonotary's POs. In Prothonotary's POs, Prothonotary acknowledges that it rejected Poplawski's cross-complaint for filing in his wife's divorce action and returned it to him unfiled. Prothonotary's POs ¶ 7. Prothonotary asserts that it rejected Poplawski's cross-complaint because Poplawski failed to comply with the Pennsylvania Rules of Civil Procedure. *Id.* Specifically, Prothonotary asserts that pursuant to Pennsylvania Rule of Civil Procedure 1920.5, Pa.R.Civ.P. 1920.5, Poplawski, as a defendant in a

---

[3] Poplawski initially filed a "Complaint in Mandamus[,]" which this Court treated as a petition for review by Order dated October 5, 2021. In his Petition, Poplawski requests that this Court to order Prothonotary to accept a cross-complaint for filing in his wife's divorce action.

[4] Additionally, Poplawski requests the Court order Prothonotary to pay damages, costs, fees, and expenses. *See* Petition.

divorce action, was required to counterclaim in his answer to the complaint if he wished to assert a cause of action for divorce. *Id.* ¶ 8. Notably, Prothonotary asserts that after filing this Petition, Poplawski filed his own action for divorce against his wife, and his wife's pending divorce action was closed by agreement of the parties. *Id.* ¶ 17. Thus, Prothonotary asserts that the Petition should be dismissed due to its failure to state a claim for which relief can be granted and this Court's lack of personal[5] and subject matter jurisdiction.

In Poplawski's POs, he requests that Prothonotary's POs be dismissed for two reasons. *See generally* Poplawski's POs. First, Poplawski alleges that Prothonotary failed to properly serve Prothonotary's POs and misrepresented the date of service. *Id.* ¶¶ 11-13. Second, Poplawski asserts that the Prothonotary's attachment of the criminal docket in Poplawski's underlying case to Prothonotary's POs constitutes a "scandalous and impertinent matter[,]" and was done for the improper purpose of "harass[ing] and prejudic[ing] [Poplawski] before this Court." *Id.* ¶¶ 14-18.

In addition to considering the pleadings, we take judicial notice of Poplawski's divorce action at the docket referenced by Prothonotary and attached to Prothonotary's POs, which can be found under Court of Common Pleas of Montgomery County docket number 2021-06650.[6] Per the docket, a divorce decree has been entered in Poplawski's divorce action.[7]

---

[5] This issue was addressed by the October 5, 2021 Order of this Court upon consideration of Prothonotary's PO alleging lack of personal jurisdiction and ordering Poplawski to serve his Petition in compliance with the Pennsylvania Rules of Appellate Procedure. It appears Poplawski complied with such Order.

[6] We are permitted to take judicial notice of court dockets and find it appropriate to do so in this instance. *See* Pa.R.E. 201(b)(2); *see also Krenzel v. Se. Pa. Transp. Auth.*, 840 A.2d 450, 454 n. 6 (Pa. Cmwlth. 2003) ("Judicial notice can be taken of pleadings and judgments in other proceedings where appropriate." (citation omitted)).

[7] Per the docket, the divorce decree was entered on March 1, 2022.

Poplawski's Petition seeks mandamus relief against Prothonotary. Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the part of the respondent to act, and (3) that no alternative legal remedy exists. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)). This Court has jurisdiction over this filing pursuant to 42 Pa.C.S. § 761, which provides, in pertinent part, that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government[.]" Despite Prothonotary's argument to the contrary, our Supreme Court determined that a prothonotary is a clerk of the court of common pleas. *In re Admin. Order No.* 1–MD–2003, 936 A.2d 1 (Pa. 2007). Because a county clerk of court is a Commonwealth officer, it logically follows that a prothonotary is also a Commonwealth officer. *See Richardson v. Peters*, 19 A.3d 1047 (Pa. 2011).

Before turning to the merits of the parties' POs, we must first address whether Poplawski's Petition is moot. While neither party specifically raised the issue of mootness in their pleadings, both parties reference mootness in their briefs. *See* Reply Brief of Respondents, dated 1/10/21, p. 4; Petitioner's Brief, dated 1/3/21, p. 6. We address the issue *sua sponte*, as we cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (quoting *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012)). The mootness doctrine requires that "an actual case or controversy" exist at all stages of review, not merely at the time an action is filed. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002) (citation omitted).

4

Legal questions become moot during the pendency of a case when changes in the facts deprive a litigant of the necessary stake in the outcome. *Id.* The doctrine of mootness "stands on the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect." *Burke ex rel. Burke v. Indep. Blue Cross*, 103 A.3d 1267, 1271 (Pa. 2014). When the occurrence of an event renders it impossible for the court to grant the requested relief, the issue is moot, and the action should be dismissed. *See Goldsmith v. Lower Moreland Sch. Dist.*, 461 A.2d 1341 (Pa. Cmwlth. 1983).

Although a moot issue generally warrants dismissal, we may rule upon an otherwise moot issue where the conduct complained of is "capable of repetition yet likely to evade judicial review[,]" where the case involves issues of great public importance, or where one party will suffer a detriment in the absences of a court determination. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (citation omitted).

In this case, Poplawski no longer has a stake in the outcome. While Poplawski's Petition requests this Court to order Prothonotary to file his cross-complaint in his wife's pending divorce action, that divorce action has since been closed. Additionally, Poplawski successfully filed a divorce complaint and has already obtained a divorce decree in that matter. Therefore, there is no longer an actual case or controversy, and this Court cannot issue a meaningful order. Additionally, this is not an issue that is capable of repetition, yet likely to evade judicial review, nor is it a case involving great public importance. Poplawski also will not suffer any detriment without this Court's decision.

Accordingly, Poplawski's Petition is dismissed as moot. Based on our disposition of Poplawski's Petition, we dismiss Prothonotary's POs and Poplawski's POs as moot.

_____
STACY WALLACE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Poplawski,
     Petitioner

   v.

Noah Marlier, Esquire,
    &&
Michelle L.N.U., Employee,
     Respondents

:
:
:
:  No.  135 M.D. 2021
:
:
:
:
:
:

# **O R D E R**

**AND NOW**, this 6th day of May 2022, the petition for review filed by Richard A. Poplawski in the above-captioned matter is **DISMISSED**, with prejudice, as moot.  The preliminary objections filed by Noah Marlier and Michelle Jackson are **DISMISSED** as moot.  The preliminary objections to the preliminary objections filed by Richard A. Poplawski are **DISMISSED** as moot.

            _____
            STACY WALLACE, Judge